Teresa Lynn KNAPP, Appellee,

v.

John Gordon KNAPP, Appellant.

Superior Court of Pennsylvania.

Argued July 7, 2000.
Filed Aug. 22, 2000.

John G. Knapp, appellant, pro se.

Brian M. Spaid, Franklin, for appellee.

Before: CAVANAUGH, EAKIN and JOYCE, JJ.

JOYCE, J.:

¶ 1 Appellant, John Gordon Knapp, appeals from the order of the trial court denying his exceptions to the child support order entered February 17, 1999. For the reasons set forth below, we affirm. The relevant facts and procedural history of this case are as follows.

¶ 2 This is a child support dispute which arose following the parties' divorce. The parties were awarded shared physical custody of their three children, with legal custody being retained by Appellee, Teresa Knapp. Pursuant to the October 29, 1997 court order, the parties had previously enrolled the children in a parochial school, St. Patrick's, and Appellant had paid a portion of the tuition. Appellant did not contest that order. Appellant subsequently petitioned for a modification of his child support obligation. On February 17, 1999, the trial court entered another order requiring Appellant to pay a portion of the parochial school tuition of his three children. Appellant filed exceptions to this order which the court denied on May 19, 1999. This timely appeal followed.

¶ 3 The sole issue raised for our review is whether the trial court violated Appellant's constitutional right of conscience when it ordered him to pay tuition to a parochial school. Article I, Section 3 of the Pennsylvania Constitution relevantly states:

All men have a natural and indefeasible right to worship Almighty God according to the dictates of their own consciences; No (sic) man can of right be compelled to attend, erect or support any place of worship, or to maintain any ministry against his consent; No (sic) human authority can, in any case, whatever, control or interfere with the rights of conscience, and no preference shall ever be given by law to any religious establishments or modes of worship.

The provision at issue is that providing for freedom of "the rights of conscience."

*Wikoski v. Wikoski*, 355 Pa.Super. 409, 513 A.2d 986 (1986).

■ ¶ 4 Appellant argues that the trial court erroneously determined that a parochial school falls within the definition of a private school, and therefore, within the purview of Pa.R.C.P.1910.16–6(d) which provides:

**(d) Private School Tuition. Summer Camp. Other Needs.** The support schedule does not take into consideration expenditures for private school tuition or other needs of a child which are not specifically addressed by the guidelines. If the court determines that one or more such needs are reasonable, the expense thereof shall be allocated between the parties in proportion to their net incomes. The obligor's share may be added to his or her basic support obligation.

Pa.R.C.P. 1910.16–6(d). We disagree. A private academic school is defined by statute as follows:

"**Private academic school**" or "**school.**" A school maintained, or classes conducted, for the purpose of offering instruction for a consideration, profit or tuition to five or more pupils at one and the same time, or to twenty-five or more pupils during any school year, the purpose of which is to educate an individual generally or specially or to prepare an individual for more advanced study, and shall include all schools engaged in such education, except private trade schools, private business schools, private correspondence schools, private music schools, private dance schools, private art schools, private dramatic art schools, private schools of charm or poise, private driver training schools or any type of private school which is nonacademic in character.

24 P.S. § 6702. Relevantly, parochial schools meet the delineated requirements of this statute and critically, parochial schools are not a named exclusion within this definition. Therefore, we conclude that parochial schools fall within the definition of a private academic school.

¶ 5 Even if we were to conclude that a parochial school does not fall within the ambit of the statute, Appellant's prior acquiescence to such payment and further, the uncontested court order to that effect, support our determination that the trial court did not err in its determination. *See* Order of Court, 10/29/97 (requiring that Appellant contribute portion of payment for parochial school tuition). This Court has previously upheld the payment of parochial school tuition when the parties had done so prior to the contested order and failed to contest subsequent orders to that effect. *See Lesko v. Lesko*, 392 Pa.Super. 240, 572 A.2d 780 (1990) (finding that order requiring payment of parochial school tuition properly enforced when party failed to challenge prior orders requiring such payment).[1]

1. We note that the requirement that Appellant pay for the children's parochial school tuition does not *per se* amount to a requirement that he support such a place of worship, as defined within the Constitution. Therefore, the applicability of the right of conscience under the facts of this case is questionable.

¶ 6 Thus, our inquiry must turn to the applicable test used to determine if payment to a private institution can be legally required.

> A private school education may be a reasonable need for a child if it is demonstrated that the child will benefit from such and if private schooling is consistent with the family's standard of living and station in life before the separation. If these factors are proved, a court may order a parent to provide financial support for the private schooling of a minor child.

*Pellish v. Gerhart*, 701 A.2d 594, 596 (Pa.Super.1997). Based on the evidence of record, particularly that the children previously attended a parochial school, and the trial court's consideration of the family's income and earning potential, we conclude the trial court did not abuse its discretion in ordering this support.[2] Finding no basis upon which to disturb the findings of the trial court, we affirm.

¶ 7 Order affirmed.

---

**2.** We cannot conclude this opinion without noting Appellant's position at the time of oral argument. Apparently, Appellant conceded that he would be agreeable to sending the children to a parochial school if he felt that it would provide the best education. Critically, if Appellant seriously felt his right of conscience was being infringed upon by requiring that tuition be paid to a parochial school, no such institution would be satisfactory, even if it were by far superior in educational standards to any other institution. We note with disfavor that Appellant has raised and briefed his issue claiming an infringement of his right of conscience, when in fact it appears that Appellant's decision is based on his dissatisfaction with the decisions of his prior spouse.