680 A.2d 904

**Michael D. SIMMERS, Appellee,**

v.

**Jeanne M. PACKER, Appellant.**

Superior Court of Pennsylvania.

Argued June 12, 1996.

Filed July 31, 1996.

Lori K. Serratelli, Harrisburg, for appellant.

Paul J. Esposito, Harrisburg, for appellee.

Before TAMILIA, JOHNSON, and MONTEMURO,* JJ.

MONTEMURO, Judge*:

This is an appeal from an order directing that appellant pay $29 per week plus $5 per week arrearages toward the support of the parties' daughter who is a college student. Appellant is further ordered to pay 40% of the daughter's uninsured medical, dental, eye and prescription bills.

The trial court's order was entered May 11, 1995 pursuant to Act 62 of 1993, 23 P.S. § 4327(a)[1]. On October 10, 1995, during the pendency of this appeal, *Curtis v. Kline*, 542 Pa. 249, 666 A.2d 265 (1995), was filed which finds unconstitutional the statute pursuant to which the order in question was entered.

Appellant would have us determine whether the order was properly entered according to the standards set by the invalidated statute, arguing that the trial court abused its discretion in applying the statute prior to its invalidation. She then claims that the order should be vacated because of the trial court's failure to consider the circumstances of the case, and finally that any funds provided by appellant under the order should be returned. In essence, appellant would have us decide whether *Curtis* is to be applied retroactively or prospectively. Because the trial court has had no opportunity to address this question, it is not clear that the issue is directly before us. We will, nevertheless, examine it in terms of whether repayment is justified.

■ As to the question of whether the court's order was appropriate under the standards applicable prior to the issuance of *Curtis*, we find that the trial court appropriately resolved this claim which stems from the existence of an $8,000 fund provided by the child's grandmother specifically to cover college expenses. The court apportioned the money to cover four years, while appellant argues it should have been

---

* Retired Justice assigned to Superior Court.

1. 23 P.S. § 4327(a) reads in pertinent part:

   (a) General rule.—... a court may order either or both parents who are separated, divorced, unmarried or otherwise subject to an existing support obligation to provide equitably for educational costs of their child whether an application for this support is made before or after the child has reached 18 years of age.

allotted to the first year's expenses in order to relieve her of any obligation.

Act 62 [2] required the court to look at a number of factors in determining the correct amount to be assessed, most pertinently in this instance, the resources of both parents, the financial resources of the student, the receipt of loans or other financial assistance, and the ability of the student to contribute. The hearing officer, whose recommendations the trial court adopted, calculated the expenses of the child's freshman year to be $8,615.50, allotted $2,500 of the college fund toward this amount, ascribed an $850 earning capacity to the child, and divided the balance between the parties, directing appellant to pay $29 per week and $5 per week arrearages. We find no error in the court's determination that this amount constituted neither a financial burden nor an economic hardship [3], and was therefore consistent with the objectives of Act 62.

As to appellant's assertion that the order should be vacated, it is moot since the order has been rendered void by the publication of *Curtis*, and was, in fact, terminated as of October 10, 1995.

■■■■ The demand for repayment triggers our inquiry as to prospective or retrospective application of the *Curtis* rule. The standard for such a determination was set by our Supreme Court in *Blackwell v. Commonwealth of Pennsylvania State Ethics Commission*, 527 Pa. 172, 589 A.2d 1094 (1991), which stated that although the general rule requires retroactivity, "a sweeping rule of retroactive application is not justified." *Id.* at 182, 589 A.2d at 1099. Rather, "[r]etrospective application is a matter of judicial discretion which must be exercised on a case by case basis." *Id.* Exercise of judicial discretion is to be guided by the three-factor analysis enunci-

**2.** 23 Pa.C.S.A. § 4327(e)

**3.** The record reveals that at the time of the final support order issued during the child's minority, appellant's yearly earnings were $42,000. There was no argument raised that this circumstance had altered when appellant sought a cessation of her child support obligation because of the child's graduation from high school.

ated by the United States Supreme Court in *Desist v. United States*, 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969), and adopted by the *Blackwell* Court. The inquiry necessitates consideration of: 1) the purpose to be served by the new rule; 2) the extent of the reliance on the old rule; and 3) the putative effect of retroactive application of the new rule on the administration of justice. *Id.*

In the instant matter, the purpose to be served by the new rule is declared by the Supreme Court to be the establishment of equality between children of divorce and children of intact families with respect to support during the acquisition of a college education. Retroactivity, if understood to involve the repayment of funds advanced under the auspices of Act 62, would run directly counter to this purpose, as it would encumber children of broken families with financial obligations not borne by children of intact families, who are not required by law to repay college expense money to their parents. Thus it is at least arguable that retroactive application of the *Curtis* decision would itself be violative of equal protection.

As to the second prong, i.e., the extent of reliance on the old rule, as appellee points out, our Supreme Court in *Blue v. Blue*, 532 Pa. 521, 616 A.2d 628 (1992), refused to recognize a common law duty of support for college age children, but suggested that such a duty might be established legislatively. Prior to *Blue*, orders such as the one in question here had been upheld by this court for thirty years, and Act 62 was enacted only seven months after *Blue* was handed down.[4] Accordingly, reliance on prior law would have been extensive. Moreover, any orders extant under Act 62 would be automatically voided by the *Curtis* decision with no inconvenience to anybody.

Finally, the question arises as to what effects retroactive application of the new rule would occasion to the administration of justice. It would be difficult to imagine that return of funds previously provided for college and already expended for that purpose would be retrievable without legal action by

4. The case law in this area begins with *Ulmer v. Sommerville*, 200 Pa.Super. 640, 190 A.2d 182 (1963).

parents against the children who received the support. This is especially true since the original means of obtaining the support also required court intervention. The spectacle of such suits is to say the least unattractive, viz., the instant action.[5] There is no reason provided by appellant which would persuade us that encouragement of such suits would be beneficial to any of the parties, or to the calendars of the courts which would receive them. There is no positive effect on the administration of justice which retroactive application of the *Curtis* rule would bring, and no compelling reason to do other than limit it to prospective account.

Accordingly, the order of the court of Common Pleas vacating the award of child support is affirmed.

**5.** Both sides agree that the amount sought is $1500.00. It occurs to us to wonder how much appellant has already spent and how much more she is willing to spend on this litigation.