Eugene C. **PLITKA,** Appellant,

v.

Sandra C. **PLITKA,** Appellee.

Superior Court of Pennsylvania.

Submitted April 15, 1998.

Filed July 22, 1998.

---

Benita J. Sumey, Asst. Public Defender, Uniontown, for appellant.

Anne N. John, Uniontown, for appellee.

Before DEL SOLE, TAMILIA and EAKIN, JJ.

TAMILIA, Judge:

Eugene Plitka/husband appeals from the July 2, 1997 Decree divorcing the parties and disposing of the equitable distribution issues. The parties were married in 1979 and separated 15 years later. They have two minor children who live with appellee/wife. A special master having been appointed, hearings were conducted on May 19, June 22 and July 25, 1995. The master's report and recommendation was filed on August 9, 1996, to which both parties filed exceptions. Following a hearing, the trial court issued its Decree and this appeal followed.

Appellant raises the following issues for our review:

I. Whether the lower court abused its discretion in finding that the appellee is entitled to permanent alimony as there is no testimony in the record to justify a finding that permanent alimony is necessary in this case?

II. Whether the lower court erred in finding that the mobile home is not marital property?

III. Whether the lower court erred in finding that the record is not sufficiently clear to credit the appellant for payments made on marital debt during the parties' separation?

IV. Whether the lower court erred in finding that the appellee is entitled to counsel fees in the amount of $2,000.00? (Appellant's Brief, p. 7.)

We review the trial court's final Decree subject to the following standard.

We need [to] determine whether the trial court, by misapplication of the law or failure to follow proper legal procedure, abused its discretion. Moreover, "an abuse of discretion is not found lightly, but only upon a showing of clear and convincing evidence." Specifically, we measure the circumstances of the case and the conclusions drawn therefrom by the trial court against the provision of 23 Pa.C.S.A. § 3502(a),[1] and the avowed intentions of the Divorce Code, namely to "effectuate economic justice between [the] parties ... and insure a fair and just determination of their property rights."

*Butler v. Butler*, 423 Pa.Super. 530, 621 A.2d 659, 663–64 (1993), *modified*, 541 Pa. 364, 663 A.2d 148 (1995) (citations and quotations omitted). Moreover, it is within the trial court's sole province to weigh the evidence presented and assess the credibility of the witnesses. *Calabrese v. Calabrese*, 452 Pa.Super. 497, 682 A.2d 393, 395 (1996), *appeal denied*, 547 Pa. 722, 689 A.2d 230 (1997).

■ "The purpose of alimony is not to reward one party and to punish the other, but rather to ensure that the reasonable needs of the person who is unable to support himself or herself through appropriate employment, are met." *Twilla v. Twilla*, 445 Pa.Super. 86, 664 A.2d 1020, 1022 (1995) (quotation omitted). In determining the nature, amount, duration and manner of payment of alimony, the court must consider all relevant factors, including those statutorily prescribed for at 23 Pa.C.S.A. § 3701, **Alimony**, (b) **Relevant Factors** (1)–(17). " 'Alimony is based upon reasonable needs in accordance with the lifestyle and standard of living. established by the parties during the marriage, as well as the payor's ability to pay.' " *Twilla, supra* 664 A.2d at 1022, *quoting Perlberger v. Perlberger*, 426 Pa.Super. 245, 626 A.2d 1186, 1203 (1993), *appeal de-*

*nied*, 536 Pa. 628, 637 A.2d 289 (1993). Appellant challenges the award of permanent alimony to appellee and argues the trial court failed to consider the relevant factors. Upon review of the record we find the trial court thoroughly examined all relevant factors and its decision reflects the reasonable needs of appellee. Appellant's arguments regarding his disability do not negate the fact appellee is the party who has suffered the greater reduction in her standard of living and who incurs the expenses of working and maintaining a home for the parties' children. Moreover, the trial court properly determined appellant, with his fixed and secure income, has the ability to pay the amount of alimony awarded to appellee.

■ Next, appellant argues the lower court erred in finding the mobile home is nonmarital property. We agree. The divorce action was commenced in January 1994 and the parties separated on September 4, 1994. In the interim, the parties transferred title to the mobile home to wife alone. In determining the mobile home was nonmarital property, the trial court relied upon the evidence that, at the time of the transfer, neither party relied on the permanency of the marriage. The fact the parties were acting in furtherance of separation at the time of the title transfer, however, supports, rather than vitiates, the conclusion the mobile home is marital property. *See Hurley v. Hurley*, 342 Pa.Super. 156, 492 A.2d 439, 442 (1985). The parties jointly acquired the mobile home during their marriage and, therefore, it is marital property. 23 Pa.C.S.A. § 3501, **Definitions**, (a) **General rule**. The special master properly determined the mobile home constitutes marital property and valued it at $5,000. (Master's Report and Recommendation, 8/9/96, p. 5.)

■ Although the parties' final date of separation is some four to five months subsequent to the date title was transferred, it is apparent the property was transferred in preparation for the division of property pursuant to the divorce. Where the circumstances surrounding a transfer of marital property between divorcing parties indicate

1. **Equitable division of marital property,** (a) General Rule.

the purpose for the transaction is to prepare for and further the ultimate distribution of property, the property maintains its marital quality. To find otherwise is an unreasonable award to the recipient and an unfair penalty to the transferor of the property. Therefore, this portion of the July 2, 1997 must be vacated and the case remanded for proceedings in accordance with this Opinion.

Appellant argues the trial court erred in failing to credit him for payment made toward the marital debt during the separation and contends the evidence of payments is sufficient from which to determine a credit is due to appellant. The trial court concurred with the master in finding the record to be "unclear as to which portion of post-separation payments made by the [appellant] represented payment of marital debts". (Trial Court Opinion, Warman, J., 7/2/97, p. 6.) Although this matter was developed extensively during the course of the master's hearings, neither the master nor the trial court found appellant's evidence sufficient to warrant a credit, primarily because the evidence presented was itself unclear. As previously stated, it is within the trial court's sole province to weigh the evidence presented. *Calabrese, supra.*

Lastly, appellant challenges the trial court's order that appellant pay $2,000 for counsel fees incurred by appellee in defending this action and argues the evidence supports neither a finding appellee could not afford to pay her attorney's fees nor that appellant could afford to pay the expense.

■ "The amount of an award for counsel fees, costs and expenses awarded in a divorce action is within the discretion of the trial court and is subject to an abuse of discretion standard on appeal." *Butler, supra* 621 A.2d at 667.

> 'We will reverse a determination of counsel fees and costs only for an abuse of discretion. The purpose of an award of counsel fees is to promote fair administration of justice by enabling the dependent spouse to maintain or defend the divorce action without being placed at a financial disadvantage; the parties must be "on par" with one another....

> Counsel fees are awarded based on the facts of each case after a review of all the relevant factors. These factors include the payor's ability to pay, the requesting party's financial resources, the value of the services rendered, and the property received in equitable distribution....

> In most cases, each party's financial considerations will ultimately dictate whether an award of counsel fees is appropriate.'

*Perlberger v. Perlberger,* 426 Pa.Super. 245, 283, 626 A.2d 1186, 1206–1207 (1993), *appeal denied,* 536 Pa. 628, 637 A.2d 289 (1993) (citations omitted). 'Counsel fees are awarded only upon a showing of actual need.' *Harasym v. Harasym,* 418 Pa.Super. 486, 496, 614 A.2d 742, 747 (1992).

*Litmans v. Litmans,* 449 Pa.Super. 209, 673 A.2d 382, 390 (1996).

■ Despite some ambiguity in assessing the value of the services rendered, the trial court found the amount incurred was reasonable and appellee is not in a position to pay her $3,510 counsel fees without incurring additional debt. To the contrary, the court found appellant is able to pay $2,000 of those fees. Finding no abuse of discretion, we will not disturb the trial court's decision.

Based upon the foregoing, those portions of the July 2, 1997 Decree disposing of the claims regarding alimony, credits and counsel fees are affirmed, while the portion of the Decree excluding the mobile home from the marital estate is vacated and the case is remanded for the sole purpose of disposing of the issue in accordance with this Opinion.

Decree affirmed in part and vacated in part. Case remanded.

Jurisdiction relinquished.