J-A23019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ERIC JOHN ASKINS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LISA ANN DAVISON | |
| Appellant | No. 1825 WDA 2015 |

Appeal from the Order Entered October 22, 2015
In the Court of Common Pleas of Erie County
Domestic Relations at No: NS200901183/PACSES No. 9371100996

BEFORE:  LAZARUS, STABILE, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JANUARY 12, 2017**

Appellant, Lisa Ann Davison ("Mother"), appeals *pro se* from the October 22, 2015 order entered in the Court of Common Pleas of Erie County ("trial court") denying her petition to modify an existing child support order.  Upon review, we affirm.

In its Pa.R.A.P. 1925(a) Opinion filed on December 10, 2015, the trial court provided the following factual/procedural history.

> Mother, on July 17, 2015, filed her [p]etition for [m]odification requesting a decrease in her child support obligation, or suspension of the order.  In her petition, Mother alleged that "she is unable to work due to injury from car accident and short term disability has been denied."  At the time of filing, the parties were governed by a January 22, 2015 [o]rder of [c]ourt setting Father's [(Eric J. Askins)] monthly net income at $4,674.69,

---

[*] Retired Senior Judge assigned to the Superior Court.

Mother's monthly net income at $3,818.96[,] and ordering Mother to pay the guideline monthly support amount of $610.63, plus $92.50 for arrears. Following a support conference, an interim [o]rder of [c]ourt issued maintaining Mother's monthly support obligation of $610.63. Mother filed a [d]emand for [c]ourt [h]earing.

On October 22, 2015, [the trial court] presided over a *de novo* hearing on Mother's [p]etition for [m]odification. At the hearing, Mother asserted that her support obligation should be reduced as she is not able to work due to injuries from a February 26, 2015 motor vehicle accident. In support of her position, Mother's only evidence was her own testimony. Mother testified that, but for periodically using vacation time from her job at GE Transportation Systems, she continued to work from February through May following the accident. She did not see a doctor because she "totally forgot about it" until she was reminded by the insurance company to go check with a physician. When Mother finally saw her physician, she asked for rehabilitation for pain in her lower back and neck and was granted 30 days off of work. Mother asked for short-term disability from her employer, however, she was denied the same in June. Mother has an appeal of the disability denial pending with her employer.

Following the hearing, [the trial court] issued its October 22, 2015 [o]rder denying modification of Mother's support obligation and maintaining the order at $610.63, plus arrears. Mother[,] on November 19, 2015[,] filed her [n]otice of [a]ppeal from the [trial court's] October 22, 2015 [o]rder. Thereafter, Mother filed her [c]oncise [s]tatement of [e]rrors [c]omplained of on [a]ppeal[.]

Trial Court Opinion, 12/10/2015, at 1-2.

On appeal, Appellant purports four errors, which we repeat here verbatim.

I. Did the [trial court] err in determining that [Mother's] claim was without merit?

- 2 -

II.     Did the [trial court] err in recalculating and determining appropriate reduction/modification in the support order?

III.    Did the [trial court] err in modification/reduction with appropriate calculations given in evidence received?

IV.     Did the court err in basing inappropriate support order on false monthly net income on behalf of [Mother]?

Appellant's Brief at 2 (unnumbered). We note that Appellant's issues are intertwined, disjointed, and repetitive;[1] however, we decline to find that Appellant has waived these issues on appeal. ***See Rich v. Acrivos***, 815 A.2d 1106, 1108 (Pa. Super. 2003). Essentially, Appellant's argument on appeal is that the trial court abused its discretion when it denied her petition to modify the existing child support order.

Our standard of review on appeal of a support order is well established.

> "When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground." ***Calabrese v. Calabrese***, 452 Pa. Super. 497, 682 A.2d 393, 395 (1996). We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. ***Id.*** An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias[,] or ill will, discretion has been abused. ***Depp v. Holland***, 431 Pa. Super. 209, 636 A.2d 204, 205-06 (1994).

_____

[1] Additionally, Appellant's brief fails to properly develop her argument or cite to legal authority for her positions.

***Samii v. Samii***, 847 A.2d 691, 695 (Pa. Super. 2004) (quoting ***Laws v.***

***Laws***, 758 A.2d 1226, 1228 (Pa. Super. 2000)).   Furthermore,

> When a modification of a child support order is sought, the moving party has the burden of proving by competent evidence that a material and substantial change of circumstances has occurred since the entry of the original or modified order.   The lower court must consider all pertinent circumstances and base its decision upon facts appearing in the record which indicate that the moving party did or did not meet the burden of proof as to changed conditions.

***McClain v. McClain***, 872 A.2d 856, 863 (Pa. Super. 2005) (citations

omitted).

In the matter *sub judice*, the trial court adequately addressed the

reasons for denying Mother's petition for modification in its Pa.R.A.P.

1925(a) opinion.  In addition, we note the only evidence Mother presented

at the hearing was her own testimony, which the trial court found

contradictory.  The trial court also found the testimony of Father credible.

He presented documentary evidence of Mother's participation in Tae Kwon

Do when she allegedly could not work because of an injury.  Mother attached

two statement letters from General Electric and a disability statement to her

brief.  These items were not introduced into evidence and were not part of

the certified record; therefore, we cannot consider them on appeal.  ***See***

***Commonwealth v. McBride***, 957 A.2d 752, 757 (Pa. Super. 2008) ("[A]n

appellate court is limited to considering only the materials in the certified

record when resolving an issue.") (quoting ***Commonwealth v. Preston***,

904 A.2d 1, 6 (Pa. Super. 2006)).  Therefore, we find that the trial court did not abuse its discretion in denying Mother's petition to modify the child support order.

We direct that a copy of the trial court's December 10, 2015 Opinion be attached to any future filings in this case.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/12/2017

ERIC J. ASKINS,           :     IN THE COURT OF COMMON PLEAS
          Plaintiff      :     OF ERIE COUNTY PENNSYLVANIA
                          :
         vs.            :
                          :
LISA A. DAVISON,        :     PACSES NO. 937110996
          Defendant    :     DOCKET NO. NS200901183

## OPINION

**December 10, 2015:** This child support matter is before the Court on Lisa A. Davison's

(hereinafter "Mother") Notice of Appeal. Mother appeals this Court's October 22, 2015 Order

denying her Petition for Modification of an Existing Support Order ("Petition for Modification").

Relevant to the present proceedings, Mother, on July 17, 2015, filed her Petition for

Modification requesting a decrease in her child support obligation, or suspension of the order. In

her petition, Mother alleged that "she is unable to work due to injury from car accident and short

term disability has been denied." At the time of filing, the parties were governed by a January

22, 2015 Order of Court setting Father's monthly net income at $4,674.69, Mother's monthly net

income at $3,818.96 and ordering Mother to pay the guideline monthly support amount of

$610.63, plus $92.50 for arrears. Following a support conference, an interim Order of Court

issued maintaining Mother's monthly support obligation of $610.63. Mother filed a Demand for

Court Hearing.

On October 22, 2015, this Court presided over a *de novo* hearing on Mother's Petition for

Modification. At the hearing, Mother asserted that her support obligation should be reduced as

she is not able to work due to injuries from a February 26, 2015 motor vehicle accident. In

support of her position, Mother's only evidence was her own testimony. Mother testified that,

but for periodically using vacation time from her job at GE Transportation Systems, she

continued to work from February through May following the accident. She did not see a doctor because she "totally forgot about it" until she was reminded by the insurance company to go check with a physician. When Mother finally saw her physician, she asked for rehabilitation for pain in her lower back and neck and was granted 30 days off of work. Mother asked for short-term disability from her employer, however, she was denied the same in June. Mother has an appeal of the disability denial pending with her employer.

Following the hearing, this Court issued its October 22, 2015 Order denying modification of Mother's support obligation and maintaining the order at $610.63, plus arrears. Mother, on November 19, 2015 filed her Notice of Appeal from the Court's October 22, 2015 Order. Thereafter, Mother filed her Concise Statement of Errors Complained of on Appeal alleging as follows:

1. That the Court erred in determining that the Defendant's claim was without merit.
2. That the Court erred in recalculating and determining appropriate reduction/modification in the support order.
3. That the Court erred in modification/reduction with appropriate calculations given in evidence received.
4. That the Court erred in basing inappropriate support order on false monthly net income on behalf of Defendant.

## DISCUSSION

With regard to Mother's allegations, they are so vague that this Court is unable to discern precisely the legal error alleged and believes that any issues that it has been unable to discern are waived. *See Reinert v. Reinert*, 926 A.2d 539, 542 (Pa. Super. 2007). It is further noteworthy that Mother's allegations of error are a nearly verbatim recitation of the allegations of error filed in her most recent appeal[1]. *See Concise Statement of Errors Complained of on Appeal*, filed

_____

[1] In 2014, Mother appealed this Court's September 11, 2014 Order denying her request to terminate her support obligation. Mother alleged that she was medically unable to work as the result of an automobile accident. Mother

2

October 10, 2014. Nevertheless, in an effort to assist appellate review, the reasons for the October 22, 2015 Order follow.

Modification of a prior order for support requires a "material and substantial change in circumstances." *See* Pa.R.C.P. 1910.19. The moving party bears the burden of demonstrating the occurrence of a material and substantial change in circumstances. *See Kimock v. Jones*, 47 A.3d 850, 855-56 (Pa. Super. 2012) *citing Summers v. Summers*, 35 A.3d 786 (Pa. Super. 2012).

With regard to a party's claim of reduced income, the support guidelines provide, in relevant part, as follows:

> (d) Reduced or Fluctuating Income.
>
> (2) *Involuntary Reduction of, and Fluctuations in, Income.* No adjustments in support payments will be made for normal fluctuations in earnings. However, appropriate adjustments will be made for substantial continuing involuntary decreases in income, including but not limited to the result of illness, lay-off, termination, job elimination or some other employment situation over which the party has no control unless the trier of fact finds that such a reduction in income was willfully undertaken in an attempt to avoid or reduce the support obligation.
>
> ...
>
> (4) *Earning Capacity.* If the trier of fact determines that a party to a support action has willfully failed to obtain or maintain appropriate employment, the trier of fact may impute to that party an income equal to the party's earning capacity. Age, education, training, health, work experience, earnings history and child care responsibilities are factors which shall be considered in determining earning capacity.
>
> ...

Pa.R.C.P. 1910.16-2(d)(2) and (4).

Mother's testimony was her only evidence. She did not present any medical evidence, witness testimony or any other proof to support her self-proclaimed disability. Moreover, her

---

did not, however, present any evidence in support of her position. To the contrary, she testified that she had been released by her physician to return to work, she was fully active and she had been denied disability by her employer. *See* November 26, 2014 Opinion. Mother's appeal was dismissed for failure to file a brief. *See* May 28, 2015 Order of the Superior Court of Pennsylvania, 1690 WDA 2014.

3

testimony contradicts her position. First, but for taking periodic vacation time, Mother continued to work after the accident. Moreover, she "forgot" to see a doctor until her insurance company reminded her that she needed to visit a physician. Furthermore, she was denied disability by her employer.

Meanwhile, Eric J. Askins ("Father"), who like Mother is employed by GE Transportation System, testified that Mother worked from the time of her accident until May 11, 2015. Furthermore, Father witnessed Mother participating in Tae Kwon Do. Father even documented Mother's September 30, 2015 and October 21, 2015 participation in this activity via photographs. *See* Exhibits A, B, and C. Father observed Mother hopping, kicking and crawling at the Tae Kwon Do sessions.

Accordingly, this Court did not find any evidence to support Mother's claim that injuries from her February automobile accident impede her ability to maintain her employment. In that respect, Mother did not meet her burden of proof to show a material and substantial change of circumstances. As Mother has a job, which she simply fails to work, the Court found it appropriate to continue with her support obligation based upon the earnings she would actually make if she showed up for work. Accordingly, the October 22, 2015 Order should be affirmed.

BY THE COURT:

ELIZABETH K. KELLY, JUDGE

cc: Bradley K. Enterline, Esq.
Lisa A. Davison, 1044 South Drive, Waterford, PA 16441
Support Office

4

PAGE 4 OF 4