J-A27006-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| DOUGLAS BERTHOLD, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| KELLY BERTHOLD, | |
| Appellee | No. 489 WDA 2017 |

Appeal from the Order March 3, 2017
In the Court of Common Pleas of Allegheny County
Family Court at No(s):  FD-15-008544-008

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:          FILED  JANUARY 3, 2018

Douglas Berthold (Father) appeals from the March 3, 2017 order that dismissed his exceptions to the hearing officer's recommendations and made the temporary order of child support, dated October 7, 2016, a final order of court.  After review, we vacate in part and affirm in part.

The trial court provided the following factual and procedural history of this matter, stating:

> [Father and Kelly Berthold (Mother)] were still married at the time of the October 3, 2016 hearing before the hearing officer. The Parties have two children, 7 and 10 years old.  Custody of the younger Child is shared, while Father has primary custody of the eldest Child.  Father resides in the marital home.
>
> On November 2, 2015, Father filed for child support and alimony pendent lite (APL).  At the time, the Parties shared custody of their two boys.  A Support Order was entered by consent at that time, with Mother paying $894.00 per month, $400.00 of which was APL.  In May of 2016, by way of another consent order, Father assumed sole physical custody of the older son, with

custody of the younger boy remaining shared. In July of 2016, Father filed for a modification of support as a result of this new custody arrangement as well as his claim that he had to reduce his employment hours, and consequently his income, due to the change in custody.

Evidence was presented that Father, who had worked full time for his family's business for the past 20 years, had recently reduced his hours from over 40 to only 30 hours per week. He also testified that he had historically received bonuses of between $10,000.00 and [$]20,000.00 per year but would now not be entitled to a bonus due to his reduced work schedule. Ultimately, the hearing officer determined that Father's schedule reduction at his father's business was "suspect" and she held Father to his previous income. She denied Father's request for a mortgage deviation. After holding Father to his previous income and bonus income, and making all appropriate income and expense adjustments, the Hearing Officer found the parties' incomes to be substantially similar, making APL inappropriate. She recommended a monthly child support obligation of $365.93 per month, plus arrears.

Father filed nine exceptions[,] which [the court] dismissed on March 3, 2017 after argument. Father filed a timely appeal and, in response to [the court's] April 5, 2017 Order, filed a Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b).

Trial Court Opinion (TCO), 6/9/17, at 1-2.

Now, on appeal, Father raises two issues for our review:

1. Did the trial court abuse its discretion by calculating Appellee/Mother's child support obligation pursuant to a shared support calculation where the parties have two children and Appellant/Father has sole custody of one of the children?

2. Did the trial court abuse its discretion in calculating Appellee/Mother's child support obligation by failing to award Appellant/Father a mortgage deviation?

Father's brief at 4.[1]

Initially, we note that when reviewing a child support order, we are guided by the following well-settled standard:

> "When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground." Calabrese v. Calabrese, 452 Pa. Super. 497, 682 A.2d 393, 395 (1996). We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. Id. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. Depp v. Holland, 431 Pa. Super. 209, 636 A.2d 204, 205-06 (1994). See also Funk v. Funk, 376 Pa. Super. 76, 545 A.2d 326, 329 (1988). In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests. Depp, 636 A.2d at 206.

McClain v. McClain, 872 A.2d 856, 860 (Pa. Super. 2005) (quoting Samii v. Samii, 847 A.2d 691, 694 (Pa. Super. 2004)).

In regard to his first issue, Father argues that the trial court erred when it calculated Mother's support obligation for their two children, in that

---

[1] We note that in addition to its discussion relating to the two issues Father has raised in his appeal to this Court, the trial court also discussed its determination that Father was held to his prior salary and bonus income, i.e., his earning capacity - not his actual reduced income; that Mother's gross yearly income should not include a projected salary raise that she had not yet received; and that the parties' incomes were substantially equal, making spousal support inappropriate.

Father has sole custody of the older child. Specifically, he contends that the court did not comply with Pa.R.C.P. 1910.16-4(d)(2), which states:

> (2) Varied Partial or Shared Custodial Schedules. When the parties have more than one child and each child spends either (a) different amounts of partial or shared custodial time with the party with the higher income or (b) different amounts of partial custodial time with the party with the lower income, the trier of fact shall add the percentage of time each child spends with that party and divide by the number of children to determine the party's percentage of custodial time. If the average percentage of custodial time the children spend with the party is 40% or more, the provisions of subdivision (c) apply.

Essentially, Father argues that pursuant to Rule 1910.16-4(d)(2), Mother's support obligation should be "calculated pursuant to the sole child support guideline because her percentage of time with the children … is 25%: 50% for [younger child] + 0% for [older child] = 50% / 2 = 25%[.]" Father's brief at 11-12. In other words, Father asserts the court should have calculated Mother's support obligation based on Father's having custody of both children because Mother's percentage of custodial time is less than 40%, i.e., he claims that the support obligation was erroneous because it was based on a shared 50/50 custody of both children. Id. at 12. To further emphasize this point, Father contends that Mother's support obligation of $365.93 per month was arrived at by applying "a shared custody deviation as well as an equalization of incomes, both of which fall within Pa.R.C.P. 1910.16-4(c)(2) regarding substantial or shared physical

custody[,]" which is not the situation here. Id. at 12-13 (footnote omitted).[2] Father then sets forth charts, calculating the child support obligation arrived at under both Rule (d)(2) and Rule (c)(2), contending that pursuant to subsection (d)(2) he would be entitled to $956.74 per month and under subsection (c)(2) he would only receive $365.93 per month, which is the amount awarded to him.

The trial court explained the basis for its determination of Mother's support obligation as follows:

> Father contends … that the hearing officer did not properly adhere to Pa.R.C.P. 1910.16-4(d)(2) regarding varying custodial times in reaching her recommended obligation. The rule states: "When the parties have more than one child and each child spends different amounts of partial or shared custodial time with the obligor, the trier of fact shall add the percentage of time each child spends with the obligor and divide the number of children to determine the obligor's percentage of custodial time. If the average percentage of time the children spend with the obligor is 40% or more, the provisions of subdivision (c) above apply."
>
> The Hearing Summary states: "Calculation includes the cost to [Mother] for medical insurance for [Father] and the children, the mortgage expense on the marital residence, and shared custody of [younger child]." There is no indication that Mother was given a deviation for shared custody. To the contrary, it indicates only

---

[2] Rule 1910.16-4(c)(2) states in pertinent part:

> If the parties share custody equally and the support calculation results in the obligee receiving a larger share of the parties' combined income, then the court shall adjust the support obligation so that the combined monthly net income is allocated equally between the two households. In those cases, spousal support or alimony pendent lite shall not be awarded.

that the hearing officer considered that only custody of one child was shared when making her calculation.

TCO at 4 (footnote omitted).

Before we respond to Father's issues, we note that the certified record does not contain a transcript; nor does it contain the hearing officer's decision. However, both the transcript of the hearing before the hearing officer and the resulting order are contained in the reproduced record. "It is well-established in this Commonwealth that it is 'the appellant's responsibility to order the transcript required and ascertain its presence in the record prior to certification for appeal.'" Commonwealth v. O'Black, 897 A.2d 1234, 1238 (Pa. Super. 2006). Nevertheless, because the transcript and the hearing officer's recommendation are contained in the reproduced record and have not been disputed, we may consider them. See Commonwealth v. Brown, 52 A.3d 1139, 1145 n.4 (Pa. 2012).

We recognize that the trial court relied upon the hearing officer's recommendation to arrive at the amount of the support due.[3] However, the

_____

[3] The hearing officer's recommendation, dated October 7, 2016, provides the following in pertinent part:

> CALCULATION INCLUDES THE COST TO [MOTHER] FOR MEDICAL INSURANCE FOR [FATHER] AND THE CHILDREN, THE MORTGAGE EXPENSE ON THE MARITAL RESIDENCE, AND SHARED CUSTODY OF [YOUNGER CHILD]. THERE IS NO INDICATION FOR SPOUSAL SUPPORT OR A MORTGAGE DEVIATION AND INCOMES HAVE BEEN EQUALIZED. EFFECTIVE 7/5/16, [MOTHER] IS TO PAY $365.93 PER MONTH FOR THE SUPPORT OF TWO CHILDREN, ... PLUS $38 PER MONTH ORDERED ON AMOUNT ON ANY ARREARS WHICH MAY

(Footnote Continued Next Page)

hearing officer's recommendation does not specify which Rule was relied

upon and the trial court's opinion does not clarify this point either. The

specific reference from the trial court's opinion solely provides that "[t]here

(Footnote Continued) ————————————

> HEREAFTER ACCRUE. OVERPAYMENT IS SET AT $499.34 AS OF 10/7/16. CASE IS REFERRED TO THE FINANCIAL GROUP TO MOVE THE OVERPAYMENT ON THE SPA DEBT LINE TO THE CSA LINES. SPOUSAL SUPPORT IS SUSPENDED EFFECTIVE 7/5/16. [MOTHER] IS TO CONTINUE PROVIDING MEDICAL INSURANCE FOR [FATHER] AND THE CHILDREN. UNREIMBU[R]SED MEDICAL EXPENSES WHICH EXCEED THE FIRST $250 PER CALENDAR YEAR PER [FATHER]/CHILD ARE TO BE PAID AS FOLLOWS: 55% BY [MOTHER] AND 45% BY [FATHER]. [FATHER] SHALL TAKE [OLDER CHILD] ON HIS FEDERAL TAXES AND [MOTHER] SHALL TAKE [YOUNGER CHILD] ON HER FEDERAL TAXES AS DEPENDENCY EXEMPTIONS.
>
> Explanation (if needed):
>
> > MOTHER EARNS $85,981.92 ANNUALLY WITH WOODLAND HILLS. SHE PAYS $97.46 SEMI-MONTH[LY] FOR MEDICAL INSURANCE FOR SELF/[HUSBAND]/2 CHILDREN. SHE PAYS MANDATORY RETIREMENT OF $268.69 SEMI-MONTHLY. FATHER IS EMPLOYED BY A FAMILY BUSINESS. PER FATHER, HIS HOURS WERE REDUCED AND HE NOW EARNS $1500 BI-WEEKLY. HE FURTHER CLAIMS HE WILL NOT RECEIVE A BONUS THIS YEAR. THE BONUS WAS $20,000 AND WAS REDUCED TO $10,000 WHEN THE PARTIES SEPARATED. I FIND THE BONUS ISSUE TO BE SUSPECT AND HAVE INCLUDED $10,000 IN MY CALCULATION. I ALSO FIND THE REDUCTION IN HOURS TO BE SUSPECT AND HAVE USED $2000 BI-WEEKLY (PER 2015 W-2 FATHER EARNED $60,000) FOR MY CALCULATION. I FACTORED IN THE MORTGAGE BUT USED $1559. PER MOTHER, THAT WAS THE AMOUNT OF THE MORTGAGE WHEN SHE LEFT THE RESIDENCE. SYSTEM EQUALIZED THE INCOME. I RAN BOTH PARTIES['] H/2.

is no indication that Mother was given a deviation for shared custody. To the contrary, it indicates that the hearing officer considered that only custody of one child was shared...." TCO at 4. This is simply not enough of an explanation to clarify which Rule was applied in light of the fact that Father's calculations suggest it was subsection (c)(2) and he claims it should be subsection (d)(2). Accordingly, we conclude that we must vacate the decision and remand the matter as to the amount of child support due to allow the trial court to make adjustments to that figure, if necessary. As part of the remand, the court should determine which Rule properly applies and explain the basis for its utilization of that Rule under the circumstances that exist in this case.

Father's second issue centers on his claim that the court should have awarded a mortgage deviation in the support calculation as provided for in Pa.R.C.P. 1910.16-6(e). The trial court explained its reasons for refusing to grant Father's request for a mortgage deviation as follows:

> Lastly, Father argues ... that the mortgage on the marital home should have been found to be $2,813.00, and, ... that he should have been entitled to a mortgage deviation. The hearing officer indicated that she took the mortgage into consideration but used $1,559.99, the amount of the mortgage payment obligation when Mother left the marital home. Using this amount and putting Father at his previous full time salary plus bonus, Father is not entitled to a mortgage deviation pursuant to Pa.R.C.P. 1910.16-6(e) as the monthly obligation does not meet the required threshold.
>
> Moreover, Pa.R.C.P. 1910.16-6 is not mandatory. It begins: "The trier of fact may allocate between the parties the additional expenses identified in subdivisions (a) - (e). If under the facts

of the case an order for basic support is not appropriate, the trier of fact may allocate between the parties the additional expenses." (emphasis[] added)

With regard to the mortgage on the marital home, [] Rule [1910.16-6(e)] states:

> (e) Mortgage Payment. The guidelines assume that the spouse occupying the marital residence will be solely responsible for the mortgage payment, real estate taxes, and homeowners' insurance. Similarly, the court will assume that the party occupying the marital residence will be paying the items listed unless the recommendation specifically provides otherwise. If the obligee is living in the marital residence and the mortgage payment exceeds 25% of the obligee's net income (including amounts of spousal support, alimony pendente lite and child support), the court may direct the obligor to assume up to 50% of the excess amount as part of the total support award....[][(Emphasis added)]

Applying a mortgage deviation is clearly within the discretion of the court and dependent not just on the amount of the mortgage obligation but on other facts of the case. Here, [the court] found that Father has not done anything to try and reduce the amount of the mortgage, despite Mother's offers to attempt to refinance with him, while at the same time voluntarily reducing his income by almost 50%.

The mortgage payment spiked dramatically after Mother left the home. It apparently was Mother's mistaken belief that this increase was due to Father's failure to make payments. It appears that, instead, it was a new tax assessment that caused at least a portion of the increase. (The mortgage obligation has since decreased approximately by $600.00 per month.)

Regardless of the cause of the increase in the monthly mortgage obligation on the marital residence, [the court] find[s] that Father is not entitled to a deviation when held to his earning capacity and when his failure to mitigate is considered.

TCO at 7-8 (emphasis added by trial court).

In support of this issue, Father sets forth various proposed calculations of an amount for a mortgage deviation because he claims that the mortgage payment is over 25% of his net income and meets the requirements set forth in Rule 1910.16-6(e). He does note that granting a mortgage deviation is within the trial court's discretion. However, he takes issue with the trial court's reasoning, claiming that refinancing of the mortgage as suggested by Mother is irrelevant because the main purpose of the deviation is to support the parties' children, one of which resides in the home 100% of the time.

In Woskob v. Woskob, 843 A.2d 1247 (Pa. Super. 2004), this Court reviewed a case in which the mother as obligee resided in the marital home that had a mortgage that greatly exceeded her net monthly income. Following separation, the father had custody of three of the parties' four children during various periods. One of his arguments centered on his custody obligation and the application of Rule 1910.16-6(e) to the mother's request for a mortgage enhancement. The mother countered this argument by claiming that "it is irrelevant whether she had custody of all of the children or a single child as long as she was an obligee in possession of the marital home." Id. at 1257. This Court found the mother's argument persuasive, noting that "the trial court may apply the enhancement where a support obligee resides in the marital home and the mortgage on that property exceeds one-quarter of the obligee's net income. Hence, Rule 1910.16[-6(e)] does not contain any custody requirements beyond

- 10 -

satisfying the status of a support obligee." Id. at 1257-58. This Court recognized that prior to the Woskob decision, no precedent existed, just the Rule itself. Thus, this Court declined to create an exception to the Rule and relied on the trial court's reasoning to affirm the court's decision granting the mortgage enhancement. Here, we likewise rely on the trial court's reasoning and affirm its determination that a mortgage enhancement is not appropriate under the circumstances of this case.[4]

Order vacated in part and affirmed in part. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/3/2018

---

[4] In the portion of his brief entitled "Conclusion," Father requests that the trial court order an award to him of arrears retroactive to July 5, 2016 through July of 2017, which he calculates to total $15,737.99. This total appears to be based on an amount of support he believes he is owed plus an amount of a mortgage deviation minus the amount he was actually paid. This request for arrears was not raised in Father's Pa.R.A.P. 1925(b) statement of errors complained of on appeal and, thus, has been waived. See Dubose v. Quinlan, 125 A.3d 1231 (Pa. Super. 2015) (stating that when a claim is not raised in the appellant's statement of errors complained of on appeal, the claim is waived).