**Cheryl L. MILLER, Appellant,**

v.

**Daniel D. MILLER, Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 19, 2000.

Filed Sept. 13, 2001.

---

Brian M. DiMasi, Erie, for appellant.

Donald W. Grieshober, Erie, for appellee.

BEFORE: POPOVICH, FORD ELLIOTT, and BECK, JJ.

BECK, J.:

¶ 1 In this case, we consider for the first time whether proceeds from the sale of a marital asset may be included in a spouse's income calculation for purposes of determining child support. The trial court held that inclusion of the proceeds was improper. We agree and so affirm.

¶ 2 Cheryl (Wife) and Daniel (Husband) Miller were married in 1990 and had two children. They divorced in 1999 and entered into a Marital Property Settlement Agreement (the Agreement) in order to divide their assets.[1] The Agreement set forth each item owned by the parties and

---

1. The Agreement specifically provided that child support was a separate consideration not addressed in the Agreement.

provided for its disposition. The property included the family home, a stock trailer, a tractor and a Chevrolet blazer (which were allocated to Wife), a rental property and a Chevrolet Pickup Truck (which were allocated to Husband), and two snowmobiles (one for each spouse). Husband ultimately sold the rental property.

¶ 3 The Agreement also addressed an amount of timber owned by the couple. The terms of the Agreement provided that based on an appraised value of $21,000.00, Husband was to secure a buyer for the timber and Wife was to sign all necessary documentation so that the timber could be sold. As a result of the sale, Wife was to receive a $10,500.00 credit on any obligation she had to Husband and Husband was permitted to retain the proceeds of the sale. Ultimately, the timber sold for less than the appraised value and Husband realized $5,785.00 on the sale.[2]

¶ 4 Finally, the Agreement provided that, based upon all considerations, Wife was to pay Husband a lump sum amount of $14,100.00. The lump sum actually was fixed at $31,600.00, but was reduced by the timber credit ($10,500.00) and a credit for half of the equity in the rental property that had been awarded to Husband ($7,000.00).

¶ 5 Prior to the Agreement, the parties were operating under a child support order that obligated Husband to pay $569.30 per month to Wife. A few months after the Agreement was in place, Wife filed for a modification of child support. In her petition, she asserted that changed circumstances required an increase in Husband's child support obligation. Specifically, Wife requested that the court recalculate Husband's income to include the money he received as a result of equitable distribution, *i.e.*, the proceeds from the timber, the

proceeds from the sale of the rental property and the lump sum payment from Wife.

¶ 6 The trial court held a hearing on the matter. Wife's counsel argued that amendments to the child support laws required the court to consider the money Husband received as income. Counsel argued that the legislature's recently expanded definition of income made the inclusion mandatory under the plain language of the statute.

¶ 7 The definition of income was amended in 1997; the new language is set out below in Italics:

Definitions

"Income" Includes compensation for services, including but not limited to, wages, salaries, bonuses, fees, compensation in kind, commissions and similar items; income derived from business; gains derived from dealings in property; interest; rents; royalties; dividends; ... social security benefits; temporary or permanent disability benefits; workers compensation; unemployment compensation; *other entitlements to money or lump sum awards, without regard to source, including lottery winnings; income tax refunds; insurance compensation or settlements; awards or verdicts; and any form of payment due to and collectible by an individual regardless of source.*

23 Pa.C.S.A. § 4302 (emphasis supplied).

¶ 8 Wife asserted that the lump sum payment she made to Husband, along with the proceeds from the sale of the timber and the rental property, were income attributable to Husband because they were "gains derived from dealings in property," "entitlement to money or lump sum

---

**2.** Despite the $21,000.00 appraisal, the timber sold for $17,994.00. After crediting Wife $10,500.00 and paying state and federal taxes, Husband was left with $5,785.00.

awards, without regard to source" and "form[s] of payment due to and collectible by an individual regardless of source." The trial court disagreed and refused to adjust Husband's income. This appeal followed and Wife repeats her claim.[3]

¶ 9 We review the propriety of a child support order for an abuse of discretion. *Calabrese v. Calabrese,* 452 Pa.Super. 497, 682 A.2d 393, 395 (1996), *appeal denied,* 547 Pa. 722, 689 A.2d 230 (1997). Only if the trial court's order cannot be sustained on any ground, may we reverse. *Id.*

¶ 10 Wife argues that *Humphreys v. DeRoss,* 737 A.2d 775 (Pa.Super.1999) (*en banc*), lends support to her claim. In that case, we held that a husband's inheritance constituted income, even though he reinvested it in a new home for his new family. The court explicitly found that the inheritance was to be included in his income calculation in light of the amended statutory language, specifically, "entitlement to money or [a] lump sum award without regard to source." *Id.* at 779. The *Humphreys* court determined that the amended language was "broad enough" to include the inheritance money, which was a "windfall" not unlike lottery winnings, an item explicitly deemed income for purposes of support. *Id.*

¶ 11 This case is not controlled by *Humphreys* nor is *Humphreys* analogous to these facts. The money Wife seeks to characterize as income is not a windfall to Husband. Rather it is the amount Husband received in equitable distribution, or, the amount intended to "effectuate economic justice between parties who are divorced ... and insure a fair and just determination and settlement of their property rights." 23 Pa.C.S.A. § 3102; *Wayda v. Wayda,* 395 Pa.Super. 94, 576 A.2d 1060, 1064 (1990).

¶ 12 It is settled law that "money included in an individual's income for the purpose of calculating support payments may not also be labeled as a marital asset subject to equitable distribution." *Rohrer v. Rohrer,* 715 A.2d 463, 465 (Pa.Super.1998). We hold today that the reverse is also true. Money received from the sale of an asset awarded in equitable distribution may not be included in an individual's income for purposes of calculating support payments. The single caveat to this rule is that any gain realized in the sale of the asset may, indeed must, be included in the calculation of income.[4]

¶ 13 The methods by which divorcing parties effectuate economic justice are familiar and well settled. The process of equitable distribution is an exercise in marshalling, valuing and dividing the marital pot in a fair manner. Not every piece of property can or should be split in half. Sometimes one spouse is entitled to more property than is the other. In some instances, the sale of property must occur so that each spouse can receive his or her rightful amount. In other instances, a spouse may be allocated a specific item of property and the other spouse will receive cash or a credit for his or her share in that same item.

¶ 14 In all of these scenarios, whether the property division is done by agreement of the parties or by court order, the goal is

---

3. We observe that Wife relies not only on the statutory language amended in 1997, but also on its original form. Specifically, Wife asks that we deem as income the timber and rental property proceeds because they constitute "gains derived from [Husband's] dealings in property." The property provision was present in the pre-amended 1985 law.

4. A gain would occur if the sale of the asset resulted in proceeds in excess of the value at the time of equitable distribution.

the same: to take the assets of the marriage and divide them in such a way as to effectuate economic justice between the parties.

¶ 15 It is both illogical and inequitable to characterize any of these assets, or the proceeds from their sale, or the credit given as a result of a sale, as income. Consider, for example, a marital home awarded to a wife in equitable distribution. If the wife cannot afford to maintain the house and therefore sells it for the amount at which it was valued at equitable distribution, are the proceeds considered income to her, thereby reducing the amount of child support due from the children's father? Such a result would be absurd and certainly not within the contemplation of § 4302's definition of income.

¶ 16 We conclude that the legislature's addition of the terms "entitlements to money or lump sum awards without regard to source" and "any form of payment due to and collectible by an individual regardless of source" do not operate to expand the definition of income to include proceeds of a capital asset that was part of an equitable distribution order. Instead, those terms address monies received by a spouse from third parties. The amendments indeed widen the net of funds from third parties such that now lottery winnings, inheritances and other windfalls must be made part of a spouse's income calculation.

¶ 17 It is clear from the Agreement in this case that Husband and Wife intended to take equal shares of the timber and the rental property.[5] The manner in which they did so was to award Husband the proceeds of the asset (in the case of the timber) or the asset itself (in the case of the rental property) and grant Wife a credit for each. The fact that Husband received cash in hand at the end of the transaction, while Wife's proportionate shares took the form of credits, is irrelevant. Husband's share is no more "income" than is wife's share. The timber and the rental property were capital assets in the marital pot. They were distributed to the parties via a method set out in the Agreement. The proceeds from them cannot be deemed income for either party.[6]

¶ 18 Likewise, the lump sum payment made by Wife to Husband was an item of equitable distribution, not income for Husband. The division of capital assets, as set out in the Agreement and in light of credits awarded to Wife, left Husband with sole ownership of a vehicle and a snowmobile. It left Wife with sole ownership of a vehicle, a snowmobile, the marital home, a trailer, a tractor and some collectibles. The parties agreed that "based upon all considerations," Wife was obligated to pay Husband a lump sum, ultimately calculated at $14,100.00. Clearly the lump sum was granted to Husband to effectuate the fair and equitable settlement of the parties' marital property. While the interest that may accrue on the money certainly must be considered in calculating Husband's income, the amount itself may not.

---

5. Of course, the timber ultimately was sold for less than expected. Ironically, this change in value worked to Wife's benefit as her share, in the form of a credit, was unaffected.

6. However, in keeping with the rule we set out above, in the *event* Husband sold the rental property for more than the value given it in the Agreement, the gain realized would be attributable to him as income. Similarly, if the proceeds from the timber sale had exceeded the appraised value set out in the Agreement, the increase would be attributable to Husband as income.

¶ 19 Because we conclude that proceeds from equitable distribution assets cannot be considered income for purposes of support, we find no error in the trial court's refusal to recalculate Husband's income.

¶ 20 Order affirmed.

¶ 21 FORD ELLIOTT, J., concurs in the result.