J-A11008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| J.A.B. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| v. | : | |
| | : | |
| | : | |
| S.E.J. | : | |
| | : | |
| | : | No. 867 MDA 2018 |

Appeal from the Order Entered April 25, 2018
In the Court of Common Pleas of Lancaster County Domestic Relations at
No(s): 2005-02364,
PACSES No. 972107523

| | | |
|---|---|---|
| J.A.B. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| S.E.J. | : | |
| Appellant | : | No. 932 MDA 2018 |

Appeal from the Order Entered April 25, 2018
In the Court of Common Pleas of Lancaster County Domestic Relations at
No(s): 2005-02364,
PACSES No. 972107523

BEFORE: BOWES, J., OLSON, J., and STABILE, J.

MEMORANDUM BY BOWES, J.: **FILED: DECEMBER 27, 2019**

In these consolidated appeals, J.A.B. ("Mother") appeals and S.E.J. ("Father") cross-appeals from the April 25, 2018 order that dismissed Mother's *de novo* appeal and ratified the hearing officer's report and recommendation as a final support order. We dismiss Father's cross-appeal, and affirm.

The trial court succinctly summarized the relevant facts and procedural history.

> On July 26, 2005, [Mother] filed a complaint for support against Father. Following a conference, the court issued a recommended order dated October 11, 2005 directing Father to pay $585.28 ($535.28 current support and $50.00 arrears) per month for support of the parties' two minor [c]hildren, K.B.J. and J.E.J, as well as spousal support for Mother. Said order was not appealed and became a final order. Subsequently, there was extensive litigation in this matter[.]
>
> On August 21, 2017, Father filed a petition for modification of an existing support order seeking a decrease and/or termination of support on the basis that the parties' child, J.E.J., was residing with Father and Father was seeking custody of . . . K.B.J.
>
> The matter proceeded to a conference on September 22, 2017. Following the conference, the court issued a recommended order dated September 27, 2017 directing that the case be placed on an arrears only basis as the guidelines no longer warranted a support order. The court noted that . . . J.E.J. . . . primarily resided with Father and the parties shared 50/50 custody of K.B.J. Father was ordered to pay $200.00 per month toward arrears [and] fees [that had accrued over the course of the litigation] and, upon payment in full, the [support] order . . . terminated[.]
>
> Mother filed a notice of right to request a hearing on October 18, 2017. Following a *de novo* appeal hearing, the court issued an order dated November 16, 2017 remanding the case to the Domestic Relations Office and directing the parties to appear for a conference on December 12, 2017 to review the parties' alleged split custody schedule.
>
> The matter proceeded to a conference on December 12, 2017. Following the conference, the court issued a recommended order dated December 19, 2017 directing Father to pay $242.98 ($220.98 current support and $22.00 arrears) per month for the support of one Child, K.B.J. The effective date of the order was the date that the parties began to exercise split custody of . . . K.B.J. and J.E.J. [At that time,] K.B.J. resided with Mother and

- 2 -

> J.E.J. resided with Father. J.E.J. was to remain on the order for unreimbursed medical expenses only.

Trial Court Opinion, 8/3/18, at 1-2.

On January 10, 2018, Mother filed exceptions to the report and recommendation directing Father to pay $242.98 per month retroactive to the date that the parties began to exercise split custody of the children, and she requested a *de novo* hearing. Father did not file countervailing exceptions challenging any aspect of the recommended order. Following a hearing on March 27, 2018, the court issued the above-referenced order dated April 24, 2018 that dismissed Mother's appeal and ratified the recommended order.

Mother filed a timely appeal and complied with the trial court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[1] Father filed a timely cross-appeal, and a Rule 1925(b) statement. Father's Rule 1925(b) statement asserted one allegation of trial court error, which Father expressly abandoned in his brief. **See** Father's brief at 12-13 ("Upon review of the Opinion of the trial court, issued August 3, 2018, . . . [Father] concedes that the trial court did not commit an abuse of discretion which would permit reversal of the decision."). Indeed, Father's brief simply raises various grounds to dismiss this appeal for procedural

---

[1] Although this Court initially dismissed Mother's appeal because she failed to file a docketing statement with this court pursuant to Pa.R.A.P. 3517, we reinstated the appeal on August 14, 2018.

deficiencies[2] and replies to the arguments that Mother asserted in her principal brief. Accordingly, while we consider the merits of Father's responsive legal arguments, we dismiss the cross-appeal that Father filed at 932 MDA 2018.

Mother presents the following issues, which we reordered for ease of review:

> A. Did the trial court err in failing to include as income to Appellee/Father a lump sum annuity payment in the amount of $25,000.00 paid to Appellee/Father on August 1, 2017[?]
>
> B. Did the trial court err in failing to apply the Final Order retroactively to the year 2010?
>
> C. Did the trial court err in failing to calculate retroactively the support guidelines based on Appellee/Father's ineligibility for Social Security Disability payments due to failure to report income that resulted in an approximate overpayment of $17,000.00 to Plaintiff from April, 2003 - April, 2014?

Mother's brief at 2.

We review a child support order for an abuse of discretion. *See E.R.L. v. C.K.L.*, 126 A.3d 1004, 1007 (Pa.Super. 2015). "[T]his Court may only reverse the trial court's determination where the order cannot be sustained

_____

[2] Father references several documents that Mother omitted from the reproduced record that she submitted to this Court and asserts various procedural deficiencies relating to, *inter alia*, Mother's service of the notice of appeal and her primary brief at his attorney's satellite office rather than the address listed as of record and the failure to file a docketing statement, which Mother subsequently rectified. While Father asserts that this Court should dismiss Mother's appeal due to her procedural missteps, we decline to impose the severe sanction of dismissal because the errors did not prejudice Husband, as is evident from his timely cross-appeal, or interfere with our appellate review.

on any valid ground." ***Id***. (citation omitted). Moreover, "[a]n abuse of discretion is [n]ot merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record." ***J.P.D. v. W.E.D.***, 114 A.3d 887, 889 (Pa.Super. 2015). We may reverse a trial court's child support determination only where the order cannot be sustained on any valid ground. ***Id***.

Mother's first issue concerns the trial court's decision to omit from the calculation of Father's income for 2017 a lump sum payment of $25,000 that Father received that year for a personal injury settlement. Acknowledging that the trial court considered as income monthly annuity payments that Father receives from an annuity associated with the settlement, Mother contends that the court was required to include the entire amount in the child support calculation regardless of the type of payment. Thus, she asserts that remand is warranted for the calculation of a new support award that recognizes the lump sum he received in 2017. ***See*** Mother's brief at 8-9.

In rejecting Mother's claim, the trial court first found the issue is waived because Mother neglected to object to the calculation of Father's income on this basis during the March 2018 hearing. Citing the notes of testimony from that hearing, the court reasoned, "Mother testified that she believed the calculation from Domestic Relations at the conference was sufficient, except with regard to social security disability." Trial Court Opinion, 9/21/18, at 8.

Mother did not present any evidence regarding the calculation of Father's income relative to the $25,000 payment. As she conceded during the hearing that she challenged only the calculation of her income in light of the social security issue, she cannot raise a novel claim of error at this juncture.

Moreover, as the trial court explained, even if we addressed the merits of Mother's claim relating to the $25,000 lump sum payment, no relief would be due. Citing pertinent case law, the trial court noted that the lump sum payment could not be deemed both a marital asset for the purpose of equitable distribution and income for the purposes of establishing a parent's child support obligation. *See, e.g., Miller v. Miller*, 783 A.2d 832 (Pa.Super 2001); *Berry v. Berry*, 898 A.2d 1100 (Pa.Super. 2006). Instantly, the trial court highlighted that it included the $25,000 settlement payment in the equitable distribution of the marital estate. Trial Court Opinion, 9/21/18, at 9. It explained, "Said lump sum payment was specifically included in the equitable distribution scheme during the litigation of the parties' divorce whereby Father received the total lump sum payment and Mother received the marital residence." *Id*. 9-19. Father's testimony during the evidentiary hearing supports the court's factual finding. N.T., 3/27/18, at 19 ("I walked away from the divorce as those were my payments and she walked away with the house."). As the applicable legal authority and the certified record support the trial court's denial of Mother's claim the trial court erred in omitting the

- 6 -

$25,000.00 annuity payment from the calculation of Father's income, we have no reason to disturb it.

Next, Mother contends that the trial court erred in failing to apply the support order retroactively to the year 2010. Specifically, she invokes our holding in **Krebs v. Krebs**, 944 A.2d 768 (Pa.Super. 2008), to assert that, while the effective date of a support modification typically corresponds with the date upon which a party files his or her motion for modification, retroactivity is warranted as a sanction in this case because Father allegedly misrepresented his income. In **Krebs**, this Court reiterated that,

> an order modifying a prior support order is ordinarily retroactive to the date of filing of a petition for modification. Where a misrepresentation has occurred, however, the court may order a modification of arrearages retroactive to the date a party first misrepresented income if the other party promptly filed a modification petition upon discovery of the misrepresentation.

**Id**. (quoting **Albert v. Albert**, 707 A.2d 234, 236 (Pa.Super. 1998)).

Mother asserts that, since Father misrepresented his income and failed to report income related to his cleaning business between its inception in 2010 and a 2017 support conference, the retroactive application of the modified support order to 2010 is warranted pursuant to the principles discussed in **Krebs**. For the following reason, we disagree.

Retroactivity is a sanction for one party's misrepresentation of income. However, as the trial court cogently explained in denying Mother's request, Father did not misrepresent that he owned a cleaning business or hide the fact that additional income existed. **See** Trial Court Opinion, 9/21/18, at 14

("[T]he record is devoid of any evidence sufficient to determine that Father ever misrepresented his income."). The certified record supports the trial court's conclusion. For example, as early as May 2011, the support hearing officer found that Father "began a cleaning business (Jack's Cleaning Service) on 1/1/11. His only customer is LCL Trucking Company from whom he receives $262.00 bi-weekly. He did not provide any records which indicate expenses. Total earnings: $2737.39/month gross[,] $2636.91/month net calculated." Fact Finder's Summary, 5/27/11, at 2. Similarly, a subsequent summary, entered June 16, 2014, referenced Father's filing of a Schedule C, which is used to report income or loss from a self-owned business, that indicates gross receipts of $25,845 from the business that year. *See* Fact Finder's Summary, 6/16/14, at 2. Accordingly, the certified record belies Mother's contention that Father misrepresented that his business existed or the income that it generated. Hence, we do not disturb the trial court's decision to deny Mother's request to alter the effective date of the support order retroactive to 2010.

Mother's final issue concerns the Social Security Administration's ("SSA") overpayment of approximately $17,000 in derivative Social Security Disability benefits paid to Mother on behalf of the parties' two minor children between 2012 and 2014. The SSA initially awarded Father disability benefits during 2003 and paid a derivative benefit to the children. However, upon discovering that Father was not entitled to the disability benefit as of 2012,

the SSA sought reimbursement of $16,670 from Mother for payments issued to her between 2012 and 2014. As noted *supra*, the trial court previously addressed Mother's responsibility for the reimbursement by crediting Mother that amount and increasing Father's monthly support obligation $50 per month to cover the arrears. Accordingly, the fixed expense of Mother's repayment of the $16,670 is not currently at issue, and Mother does not challenge that remedy herein.

The crux of Mother's instant complaint is that, while the trial court's upward deviation will eventually make her whole for the repayment of the $16,670, the trial court neglected to account for the disability income that was attributed to her in calculating Father's support obligation between 2012 and 2014. Thus, she requests that the court recalculate Father's guideline child support obligation for that period by omitting the ephemeral disability payments from the calculation of her income.

The trial court misconstrued Mother's claim in rejecting her request for modification. The court first concluded that the disability benefits did not effect its calculation of **Father's** income, *i.e.*, it found "[t]he court once again notes that Father's income calculation has always been properly determined by a review of his business income and expenses." Trial Court Opinion, 9/21/18, at 11. Next, the trial court determined that Mother's request for a retroactive calculation of the support award was barred by either *res judicata* or collateral estoppel because Mother did not challenge the remedy of the

- 9 -

upward deviation in the monthly support obligation. We examine the court's explanations *seriatim*.

Plainly, the court's reasoning regarding **Father's** income ignores Mother's actual contention that the court's calculation of **her** income failed to account for the portion of the derivative benefits that was initially ascribed to **her** for the benefit of the children. Indeed, nothing in the trial court's explanation of its calculation of Father's income throughout this litigation informs our review of the issue that Mother actually asserted, *i.e.*, the miscalculation of her income. The trial court's focus on its calculation of Father's income begs the question whether it overlooked the necessity to determine the monthly incomes of **both** parents in calculating the non-custodial parent's child support obligation under the support guidelines. **See** Pa.R.A.P. 1910.16-4 Support Guidelines. Calculation of Support Obligation Formula. *Part-C Basic Child Support.* As the relevant issue does not implicate the court's calculation of Father's income in any manner, that component of the trial court's discussion is of no import.

Next, without considering the merits of the trial court's conclusion that Mother's claim is barred by *res judicata* or collateral estoppel, we hold that Mother is not entitled to relief on this issue because it is clear from the certified record that the trial court did not include the disability benefits in its calculation of Mother's income during the relevant period. It is axiomatic that, "[i]f we determine that the trial court ruling is correct, we can affirm on any

basis supported by the record." **R.M. v. J.S.**, 20 A.3d 496, 506 n.8 (Pa.Super. 2011). The certified record reveals that, while the May 24, 2011 fact finder's summary listed the children's derivative disability benefits among Mother's income, the ensuing child support order entered two days later did not. That order expressly determined that Mother's "monthly net income is $0.00." Support Order, 5/26/11, at 1. The order remained in effect for more than three years, until the court entered its June 18, 2014 support order following the termination of Father's SSA benefits. Predictably, the June 2014 order did not list the forfeited disability benefits as Mother's income either. Thus, the certified record confirms that the only child support orders that were in effect during the period between 2012 and 2014 expressly omitted the derivative benefits from the calculation of Mother's income for the purpose of calculating Father's child support obligation. Accordingly, Mother's current claim that she is entitled to a retroactive modification of Father's support obligation during that period must fail.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/27/2019