J-A06017-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KIMBERLY S. ALFIERI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS M. ALFIERI | : | |
| | : | |
| Appellant | : | No. 618 WDA 2020 |

Appeal from the Order Entered May 21, 2020
In the Court of Common Pleas of McKean County Civil Division at No(s):
DR59-11

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McCAFFERY, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED:  May 28, 2021**

Thomas M. Alfieri (Father)[1] appeals from the order, entered in the Court of Common Pleas of McKean County, denying his petition for modification of support.  After careful review, we find Father's claims are meritless.  We affirm based on the opinion authored by the Honorable Christopher G. Hauser.

Father and Kimberly S. Alfieri (Mother)[2] were married on May 6, 2000. They are the parents of three children, now ages 14, 17 and 20.  The parties separated in 2011, and the court entered a final decree of divorce on January

_____

[1] Contrary to the briefing requirements set forth in Chapter 21 of the Pennsylvania Rules of Appellate Procedure, Father has neglected to include in his brief a Statement of Jurisdiction, *see* Pa.R.A.P. 2114, or the Order or Other Determination in Question.  *See* Pa.R.A.P. 2115.  "The verbatim text of the order or other determination under review is added as a principal element of appellant's brief[.]"  Pa.R.A.P. 2115 - Explanatory Comment.

[2] Mother has not filed an appellee's brief.

17, 2014. The parties reached an agreement for a 50-50 shared custody arrangement, which the court adopted as an order on August 3, 2012.

Father is a retired schoolteacher. Mother, formerly a schoolteacher, is currently a guidance counselor in the Otto Eldred School District. Both parties have pensions through the Public School Employees' Retirement System (PSERS).[3]

Father's primary source of income is his pension, although he also earns a small income from coaching sports. Father had been paying Mother child support in the amount of $487.30 per month. He retired in May 2019 and, on October 11, 2019, filed a petition to modify support based on changed circumstances. The court granted Father's petition and reduced his obligation to $25.27 per month. Father filed exceptions, which the trial court denied.

On appeal, Father raises the following issues:

1. Did the family law master and trial court commit error in calculating [Father's] gross monthly income by including pension payments as income for purposes of child support where the pension had been appraised as an asset and divided in equitable distribution?

2. Did the family law master and trial court commit error in concluding that Pennsylvania law permits the double counting of an asset, which had been divided in equitable distribution, to then again be counted as income for purposes of child support?

3. Did the family law master and trial court commit error in considering non-marital portions of [Father's] pension for purposes of child support calculations, where the non-marital

---

[3] The marital portion of Husband's pension was valued at $149,789.38; the marital portion of Wife's pension was valued at $46,098.68.

portions of the pension were expressly considered by the [c]ourt in the equitable distribution award pursuant to 23 Pa.C.S.A. § 3502(8)?

4. Did the family law master and trial court commit error in failing to even consider or to award [Father] child support where it is not disputed that [Mother] has a higher income than [Father] and the parties have a 50-50 custody schedule?

5. Did the family law master and trial court commit error in holding that it had no authority to award child support to [Father] because he had not filed a separate support complaint?

6. Did the family law master and trial court commit error in failing to follow Pa.R.C.P. 1910.5. and Pa.R.C.P. 1910.16-4(c)(2) which state that a child support order may be entered against either party without regard to which party initiated the action?

Appellant's Brief, at 1-2.

When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused.

*Mencer v. Ruch*, 928 A.2d 294, 297 (Pa. Super. 2007) (quoting *D.H. v. R.H.*, 900 A.2d 922, 927 (Pa. Super. 2006)). To the extent the issues involve interpretation and application of the Rules of Civil Procedure, which are questions of law, we employ a *de novo* standard of review and plenary scope of review. *Hanrahan v. Bakker*, 186 A.3d 958, 966 (Pa. 2018).

In his first three issues, Father argues the court's calculation of his monthly income available for support was in error, as the "pension payments had been valued previously and divided in equitable distribution." Appellant's Brief, at 7. He claims that counting his pension payments as income available for support constituted "double dipping," in contravention of this Court's holding in **Hess v. Hess**, 212 A.3d 520 (Pa. Super. 2019). **Id.** In his last three issues, Father argues that since his monthly income is less than Mother's, and the parties have a 50-50 custody arrangement, he is entitled to a child support award and the court's finding that Father had to file a separate complaint in support, was error. Appellant's Brief, at 8.

Father's argument that the court "double dipped" ignores the fact that the calculation considered pension payments that were non-marital property. In **Hess**, **supra**, we stated, "this Court has repeatedly held that an asset awarded in equitable distribution may not be included in an individual's income for purposes of calculating support payments." **Hess**, 212 A.3d at 524, citing **Miller v. Miller**, 783 A.2d 832, 835-836 (Pa. Super. 2001). As the trial court explained here, Father's pension was based on forty years of teaching, and the marital portion of that pension was only ten years. The pension payments Father receives now "reflect only non-marital assets." **See** Trial Court Opinion, 8/14/20, at 5.

In his final three issues, Father contends that he should not be obligated to pay support where (1) the parties share custody equally and (2) his income is lower than Mother's. He also argues that he is entitled to a child support

award retroactive to the October 11, 2019, the date that he filed his petition for modification. **See** Appellant's Brief, at 8, 23.

Pennsylvania Rule of Civil Procedure 1910.16-4(c)(2) provides, in relevant part:

> Without regard to which parent initiated the support action, when the children spend equal time with their parents, the Part II formula cannot be applied unless the obligor is the parent with the higher income. An order shall not be entered requiring the parent with the lower income to pay basic child support to the parent with the higher income. ***However, this subdivision shall not preclude the entry of an order requiring the parent with less income to contribute to additional expenses pursuant to Pa.R.C.P. No. 1910.16-6.***

Pa.R.C.P. 1910.16-4(c)(2) (emphasis added). Father neglects to recognize that his monthly obligation of $25.27 is his contribution to the children's health insurance premium, an additional expense under Pa.R.C.P. 1910.16-6. **See** Trial Court Opinion, ***supra*** at 9.

With respect to Father's claim that he is entitled to child support, the trial court stated Father was required to file a separate child support action. It was the court's understanding that "this limitation is imposed by the Pennsylvania Automated Child Support Enforcement System (PACSES)[,]" and the hearing officer "could not recommend support for [Father] during that

proceeding because the software does not allow that." *Id.* at 10. Father is free to file a child support action.[4]

We affirm based on Judge Hauser's opinion. The parties are ordered to attach a copy of that opinion in the event of further proceedings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/28/2021

---

[4] Pennsylvania does not charge any filing fees to file for child support. ***See*** https://www.humanservices.state.pa.us/CSWS/program_controller.aspx (last visited 5/19/21). ***See also*** www.childsupport.state.pa.us (last visited 5/19/21).

KIMBERLY S. ALFIERI,
Plaintiff,

vs.

THOMAS M. ALFIERI,
Defendant.

IN THE COURT OF COMMON PLEAS
OF McKEAN COUNTY, PENNSYLVANIA
CIVIL DIVISION

NO. DR-59-11
NO. 59 CD 2011

## 1925(a) OPINION

Thomas Alfieri (hereinafter "Defendant") appeals from the Trial Court's Memorandum and Order dated May 21, 2020, as well as from a Family Law Hearing Officer's Support Report and Recommendations, dated December 18, 2019. Defendant's Statement of Errors Complained of on Appeal raises twelve (12) issues. Specifically, Defendant claims that the Trial Court and Hearing Officer erred in the following: calculating Defendant's gross and net monthly income; concluding that Defendant should pay support to Plaintiff; including Defendant's pension as income when calculating support; considering improper portions of the pension when calculating support; considering pension payments to be separate from the pension asset; considering pension increases that occurred after separation; misapplying Pa.R.C.P. No. 1910.16-4(c)(2); not awarding Defendant child support; and misapplying Pa.R.C.P. No. 1910.5.

Though Defendant's alleged errors are numerous, they are unfounded. For reasons set forth below, the Trial Court respectfully requests that its May 20, 2020, Memorandum and Order be affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

1. Plaintiff is Kimberly Alfieri, an adult individual residing at 16856 Route 6, Smethport, PA, 16749. Plaintiff is a school teacher in the Smethport Area School District.



2. Defendant is Thomas Alfieri, an adult individual residing at 1106 W. Main Street, Smethport, PA, 16749. Defendant is a retired school teacher. He taught in the Smethport Area School District for approximately forty (40) years.

3. The parties married in 2000 and had three children together, C.A., P.A., and J.A. The parties separated in 2011 and divorced in 2014, and their marital assets were subsequently divided.

4. Included among those assets were both parties' pensions. During the equitable division of assets, Plaintiff was awarded a portion of Defendant's pension in the form of a lump sum amount, based on the portion of Defendant's pension that was considered marital property. The then-present value of Defendant's pension fund was $369,303. The Hearing Officer calculated that $149,789 was the increase in value of the pension during the marriage. The Hearing Officer added to that the value of Defendant's Aspire and American Funds accounts, as well as Plaintiff's pension, 403B, and American Funds accounts which had been increased during the marriage. Plaintiff was then awarded fifty percent (50%) of that total. The amount Plaintiff received from Defendant's pension was $64,000.

5. Defendant continued to work as a teacher for several years after the division, and retired at the close of the 2018-2019 school year.

6. Plaintiff continues to teach at this time.

7. The parties share physical custody of all three children equally.

8. Now that he is retired, Defendant's primary source of income is his pension. He recognizes a small amount of other income from other sources, such as coaching various sports teams, but the pension accounts for the majority of his monthly earnings.

175a

9. Defendant argues that his pension payments should not be considered in calculating child support. He also argues that since Plaintiff is still working and now has a higher salary, she should be paying support to him

10. Defendant filed a Petition to Modify Child Support on October 11, 2019, alleging that circumstances had changed such that his support obligations should be revised. Hearing was held on the matter, and Defendant was ordered to pay Plaintiff $25.27 per month in support.

11. Defendant then filed Exceptions to the Hearing Officer's Support Report and Recommendations, and the Trial Court heard argument from Defendant on the matter. Ultimately, the Trial Court found his Exceptions to be without merit and accepted the recommendations of the Hearing Officer. Defendant now appeals.

## DISCUSSION

The Trial Court incorporates herein as if it had been fully set forth its Memorandum and Order, dated May 20, 2020, attached beneath. Because several of Defendant's matters complained of are based upon the same fundamental argument, the Trial Court will discuss them together.

1. **"The family law master and trial court erred in concluding that Defendant's gross monthly income for the purpose of child support is $4,735."**
2. **"The family law master and trial court erred in concluding that Defendant's net monthly income for the purpose of child support is $3,704.00."**
3. **"The family law master and trial court erred in concluding that Defendant should pay child support to Plaintiff in the amount of $25.27 per month, where Defendant's income is less than Plaintiff's."**
4. **"The family law master and trial court erred in including Defendant's pension payments as income for purposes of calculating child support where the pension has been appraised as an asset and divided in equitable distribution."**

All four of these alleged errors are based upon the fact that the Hearing Officer and Trial Court considered Defendant's pension payments when calculating child support. Defendant's income was calculated as follows: $4,402.00 + (($2,390.00 + $1,156.00 + $450.00)/12) =

176a

$4,735.00. This equation represents Defendant's monthly pension ($4,402.00) plus the annual income from the various sports he coaches—golf ($2,390.00), basketball ($1,156.00), and various others ($450.00)—divided to get a monthly amount of $333. Thus, Defendant's gross monthly income is $4,735.00.

Defendant's monthly deductions total $1,030.70. When calculated, Defendant's net monthly income is $3,704.30. There is no mathematical error in either of these calculations. The amount that Defendant was ordered to pay, $25.27, is a result of health insurance premiums for the children. It is not basic child support, and Defendant would be obligated to pay a portion of the health insurance premium regardless of his support obligation, as Plaintiff provides health insurance for the children and pays the premiums. Defendant is not required to pay basic child support under Pa.R.C.P. No. 1910.16-4(a)(1). Instead, Defendant's obligation arises under Pa.R.C.P. No. 1910.16-6, which states, in relevant part, "If a basic support order is inappropriate under the facts of the case, the trier-of-fact may allocate between the parties the additional expenses." Regarding health insurance premiums, the Rule states, "The trier-of-fact shall allocate the health insurance premiums paid by the parties, including the premium attributable to the party paying the premium, provided that a statutory duty of support is owed to the party or child covered by the health insurance." Pa. R.C.P. No. 1910.16-6(b). The Hearing Officer calculated $25.27 as Defendant's portion of the insurance premiums.

Defendant relies on a "double dipping" argument to support his position. He argues that since his pension was previously considered during the division of marital property, that it cannot be considered now for the purposes of support payments. In support of this position, Defendant cites *Miller v. Miller*, 783 A.2d 832 (Pa. Super. 2001). In that case, the Superior Court stated that, "Money received from the sale of assets awarded in equitable distribution may not be included in

177a

an individual's income for purposes of calculating support payments." *Id.* at 835. However, the Superior Court, in the very next sentence, also states, "The single caveat to this rule is that any gain realized in the sale of the asset may, indeed must, be included in the calculation of the income." *Id.* Defendant continued to work for several years after the divorce and division of property. During that time, his pension benefits continued to increase. The pension asset that Defendant has now is not the same as what it was at the time of the division.

For example, in the *Miller* case, the assets in question included an amount of timber. *Id.* at 833. The timber was appraised and awarded to the husband, who was then to find a buyer and split the proceeds with his wife. *Id.* at 834. Once the husband successfully sold the timber, the wife sought to modify their child support arrangement in recognition of the income he had received from the sale. *Id.* Under those circumstances, the wife was asking the court to consider the same asset twice, once for equitable division and again for child support. The case at hand does not follow this scenario. Instead, it is more like stocks. If a couple had 100 shares of stock in a lumber company, and it was to be divided such that each party received 50, and the wife sold hers for the value they possessed at the time of the division, then that income could not be considered again for child support. If the husband chose to keep his, then the dividends paid by the stock would constitute income that could be considered for child support. Similarly, if he were to sell them several years later and recognize a profit greater than the worth they had at the time of the division, that profit would be subject to child support. The Superior Court in *Miller* gives a similar example.[1]

Defendant also relies on *Hess v. Hess*, 212 A.3d 520 (Pa. Super. 2019) for the assertion that pension funds accrued during the marriage are considered marital property, subject to

---

[1] *See Miller* at 836 n.6 (stating that "[I]n the event Husband sold the rental property for more than the value given it in the Agreement, the gain realized would be attributable to him as income. Similarly, if the proceeds from the timber sale had exceeded the appraised value set out in the Agreement, the increase would be attributable to Husband as income.").

equitable distribution. While this is true, Defendant taught school for approximately 40 years. He was married to Plaintiff for approximately 10 years. The portion of his pension that was subject to equitable distribution was far from the majority. Both parties' pensions were subject to the equitable distribution of marital property during the parties' separation and divorce. That occurred nearly a decade ago. Defendant's pension payments now reflect only non-marital assets. Thus, they are income that has not already been divided during equitable distribution.

5. **"The family law master and trial court erred in concluding that double counting or double dipping, a situation where an asset divided in equitable distribution is again counted for child support, is permissible under the laws of Pennsylvania."**

This alleged error is nothing more than a purposeful misstatement of the Hearing Officer and Trial Court's findings. It is settled law in Pennsylvania that assets awarded in equitable distribution are not subject to calculations for child support. *Miller* at 835. The Trial Court explains unequivocally in its Memorandum and Order that the amounts held in his pension prior to the marriage and subsequent to the marriage account for substantially all of the asset. At no point has the Trial Court allowed "double dipping" or condoned it as permissible under Pennsylvania law.

6. **"The family law master and trial court erred in considering non-marital portions of Defendant's pension for purposes of child support calculations, where the non-marital portions of the pension were expressly considered by the Court in the equitable distribution award pursuant to 23 Pa.C.S.A. §3502(8)."**

The equitable division of marital property is subject to 23 Pa.C.S.A. §3502, which states in relevant part:

> (a) General rule.--Upon the request of either party in an action for divorce or annulment, the court shall equitably divide, distribute or assign, in kind or otherwise, the marital property between the parties without regard to marital misconduct in such percentages and in such manner as the court deems just after considering all relevant factors. The court may consider each marital asset or group of assets independently and apply a different percentage to each marital asset or group of assets. Factors which are relevant to the equitable division of marital property include the following: (8) The value of property set apart to each party.

The statute is intended to set forth various factors a court may consider when determining how to equitably distribute assets.[2] Defendant argues that considering the factors listed in the statute constitutes an error if those same factors are then considered for the purpose of child support. If the value of the property set aside is a factor to be considered in equitable distribution, it does not mean that somehow that factor is an actual part of the distribution. Other factors considered under 23 Pa.C.S.A. §3502 include sources of income and economic circumstances of both parties. Based upon Defendant's logic, if a court considers the relevant factors during the equitable distribution of assets, then it is must be prevented from considering those factors in the context of child support. However, that is not the case and would lead to serious complications to say the least.

7. **"The family law master and trial court erred in concluding that the pension payments Defendant is currently receiving is not the same pension asset that was divided in equitable distribution, but is simply earnings and gain on the pension award Defendant received at that time."**

Defendant's alleged error is difficult to conceptualize. The Trial Court did not find that Defendant's current pension payments are nothing more than earnings and gain on the pension benefits awarded during the division of property. Instead, the Trial Court found that Defendant's pension, which is now comprised of substantially, if not all, non-marital property that was not subject to equitable distribution, has increased in value since the division occurred. This increase occurred after the asset had been subject to equitable distribution. Furthermore, Defendant is

---

[2] The full list of factors are: (1) the length of the marriage; (2) any prior marriage of either party; (3) the age, health, station, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties; (4) the contribution by one party to the education, training or increased earning power of the other party; (5) the opportunity of each party for future acquisitions of capital assets and income; (6) the sources of income of both parties, including, but not limited to, medical, retirement, insurance or other benefits; (7) the contribution or dissipation of each party in the acquisition, preservation, depreciation or appreciation of the marital property, including the contribution of a party as homemaker; (8) the value of the property set apart to each party; (9) the standard of living of the parties established during the marriage; (10) the economic circumstances of each party at the time the division of property is to become effective; (10.1) the Federal, State and local tax ramifications associated with each asset to be divided, distributed or assigned, which ramifications need not be immediate and certain; ((10.2) the expense of sale, transfer or liquidation associated with a particular asset, which expenses need not be immediate and certain; and (11) whether the party will be serving as the custodian of any dependent minor children

180a

receiving an income from the pension payments. The substantial majority of that pension was accumulated during the 30 years that Defendant worked as a teacher and was not married to Plaintiff. Even if some small part of the pension asset as it exists now could be attributed to marital property, it would be miniscule and therefore harmless. Furthermore, assuming that there is some very small portion of Defendant's pension that was considered for equitable distribution, it would be virtually impossible to separate it from the remainder of the pension at this point. The division occurred nearly a decade ago, and ascertaining the income of that specific portion and removing it from Defendant's current pension payments would be impossible.

8. **"The family law master and trial court erred in holding that Defendant's entire pension payments should be counted as income because he worked for seven years after the equitable distribution award, where both Plaintiff's and Defendant's PSERS pensions would have increased in value at approximated the same rate."**

Defendant seemingly argues that since Plaintiff's pension has also increased over the last seven years, he should not have to consider his pension income. It is true that Plaintiff's pension has also increased in value since equitable distribution occurred. However, the value of Plaintiff's pension asset is currently not pertinent to child support allocations. She is still teaching and therefore is not receiving pension payments. If Plaintiff were to retire tomorrow, her salary would cease and she would instead have income in the form of a pension. The amount of that pension would then become equally relevant to the allocation of child support. However, Plaintiff's pension is not currently her income.

9. **"The family law master and trial court erred by misapplying Pa.R.C.P. 1910.16-4(c)(2)."**
10. **"The family law master and trial court erred in failing to award Defendant child support where it is not disputed that Plaintiff has a higher income than Defendant and the parties have a 50-50 custody schedule."**
11. **"The family law master and trial court erred in holding that it had no authority to award child support to Defendant because he had not filed a separate support complaint."**

181a

12. "The family law master and trial court erred in failing to follow Pa.R.Civ.P. 1910.5 and Pa.R.Civ.P. 1910.16-4(c)(2) which states that a child support order may be entered against either party without regard to which party initiated the action."

The final four errors all relate to the Hearing Officer and Trial Court's application of Pa.R.C.P. No.1910.16-4(c)(2) and Pa.R.C.P. No. 1910.5. Defendant essentially believes that he was entitled to receive child support payments from Plaintiff, and believes that failure to award those payments was a misapplication of the Rules. Pa.R.C.P. No. 1910.16-4(c)(2) states:

> Without regard to which parent initiated the support action, when the children spend equal time with their parents, the Part II formula cannot be applied unless the obligor is the parent with the higher income. An order shall not be entered requiring the parent with the lower income to pay basic child support to the parent with the higher income. However, this subdivision shall not preclude the entry of an order requiring the parent with less income to contribute to additional expenses pursuant to Pa.R.C.P. No. 1910.16-6. Based upon the evidence presented, the trier of fact may enter an order against either party without regard to which party initiated the action. If the parties share custody equally and the support calculation results in the obligee receiving a larger share of the parties' combined income, then the court shall adjust the support obligation so that the combined monthly net income is allocated equally between the two households. In those cases, spousal support or alimony *pendente lite* shall not be awarded.

The Hearing Officer made note of Pa.R.C.P. No.1910.16-4(c)(2), acknowledging that Defendant, as the party with lower income, could not be required to pay support. However, the $25.27 is Defendant's portion of the children's insurance premium, an additional expense under Pa.R.C.P. No. 1910.16-6. Defendant is still obligated to pay additional expenses, even when he has a lesser income than Plaintiff.

Defendant also argues that under Pa.R.C.P. No.1910.16-4(c)(2), the Hearing Officer had the authority to enter an order upon either party, regardless of who brought the action. Defendant filed a petition to modify his support obligations based on the fact that he had retired. In order to

pursue a claim against Plaintiff, he will need to file a separate action. The rule states that "the trier of fact *may* enter an order against either party without regard to which party initiated the action." Pa.R.C.P. No.1910.16-4(c)(2) (emphasis added). It should not be interpreted as requiring necessarily the Hearing Officer to enter an order without further action to correct the record. The Hearing Officer stated in her Supplemental Report and Recommendations that she was unable to recommend support for Defendant in that proceeding, but stated that he could file a complaint in which he was the plaintiff in order to pursue child support from Plaintiff. It is the Court's understanding that this limitation is imposed by the Pennsylvania Automated Child Support Enforcement System (PACSES) system; the Hearing Officer could not recommend support for Defendant during that proceeding because the software does not allow that. However, Defendant is free to file a separate support claim at any time.

## CONCLUSION

After a portion of his pension was divided during the equitable distribution of property, Defendant believed that it would be unable to be considered for child support purposes. However, that division occurred nearly a decade ago, and the portion of his pension that was affected was a small one. The income that Defendant receives from his pension is not the same asset that was subject to the equitable distribution of assets in 2011. Furthermore, if Defendant wishes to now seek child support from Plaintiff, he may do so by filing a child support action.

For the reasons stated above, the Trial Court respectfully requests that its Memorandum and Order dated May 20, 2020, be affirmed.

Certification 8\14\2020
I hereby certify the within to be a true & correct copy thereof as filed in the office of the Prothonotary of Mckean County, Pennsylvania.

Prothonotary

FREE INTERPRETER
www.pacourts.us/language-righ
814-887-5571 x4305

RESPECTFULLY SUBMITTED:

CHRISTOPHER G. HAUSER, J.

cc: m. Alfieri
    J Kahle
    FLM
    8|14|2020

183a