J-S23022-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CYNTHIA BOZEK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAYMOND BOZEK | : | No. 179 MDA 2022 |

Appeal from the Order Entered December 28, 2021
In the Court of Common Pleas of Luzerne County Domestic Relations at
No(s):  01440-2013,
899114303

BEFORE:   STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:            **FILED NOVEMBER 09, 2022**

Cynthia Bozek ("Mother") appeals from the order dismissing her exceptions to the master's report and recommendation, which denied her motion to modify child support. She argues the proceeds received by Raymond Bozek ("Father") following the settlement of a personal injury lawsuit should have been included as income for child support purposes. We affirm.

Mother and Father were married in September 2008 and have one child. Father filed for divorce in November 2013, with a date of separation of August 30, 2013, which is the date he vacated the family residence. Mother filed for child and spousal support. The court ordered Father to pay child support pursuant to the guidelines. In July 2019, the parties executed a marital

_____

[*] Retired Senior Judge assigned to the Superior Court.

separation agreement addressing all issues in the divorce, including equitable distribution. The court entered a divorce decree that same month.

On August 28, 2013, two days before the date of separation, Father was in an automobile accident and sustained injuries. He filed a personal injury lawsuit in September 2014. Pursuant to the marital settlement agreement, Father paid Mother $5,000, representing the amount Mother was to receive from his personal injury claim:

> 2.1 PAYMENT TO WIFE
>
> As part of the equitable distribution of the parties' marital property, HUSBAND shall pay WIFE the total sum of Ten Thousand Six Hundred Eight-Eight Dollars ($10,688.00). Said amount is allocated as follows:
>
> The sum of $5,000.00 represents the amount WIFE shall receive from HUSBAND'S personal injury claim . . .
>
> It is agreed that said amount shall be made within five (5) days from the date HUSBAND receives any funds from his personal injury settlement for an action that is pending in Luzerne County at Docket No. 10740 of 2014. Said payment shall be paid by counsel for HUSBAND to counsel for WIFE.

Joint Stipulation of Fact, filed May 27, 2021, at Ex. C.[1]

In the summer of 2020, Mother learned that Father settled the personal injury claim for $500,000. In June 2020, she filed a petition to modify the child support order, claiming the settlement proceeds should be included as income for child support purposes.

---

[1] The provision also required Father to pay to Mother $5,688, which represented half of the balance of a bank account.

In July 2020, the Luzerne County Domestic Relations Conference Officer increased the child support owed to Mother from $450 per month to $900 per month and recommended a lump sum payment of $15,000. Father filed exceptions to the support recommendation. The court designated the case as complex and permitted the parties to engage in discovery.

The parties filed a joint stipulation of facts. In May 2021, the Hearing Officer granted Father's exceptions, excluded the personal injury settlement as income for support purposes, and reduced the child support award owed to Mother. The Hearing Officer reasoned that the settlement award had been distributed as an asset in equitable distribution and could not be considered both an asset for equitable distribution and income for support purposes. Hearing Officer's Report and Recommendation, filed May 26, 2021, at ¶¶ 18-19. Mother filed exceptions to the report and recommendation. Following oral argument and the submission of briefs, the trial court dismissed Mother's exceptions, and adopted the reasoning of the Hearing Officer. Mother filed a timely notice of appeal.

Mother raises the following issues:

> (1) Whether the trial court erred in issuing its November 17, 2021 order dismissing [Mother's] exceptions to the Master's Report and Recommendation, the trial court erred in failing to determine that the support master committed an error of law by failing to include [Father's] $500,000.00 payment received as result of a personal injury settlement as income for support purposes in accordance with 23 Pa.C.S.A. § 4302, Pa.R.C.P. 1910.16-2(8)(III), and Pa.R.C.P. 1910.16(A)(8)(III)?

(2) Whether the trial court erred in issuing its November 17, 2021 order dismissing [Mother's] exceptions to the Master's Report and Recommendation, the trial court erred in failing to determine that the support master committed an error of law by concluding that [Mother's] $5,000.00 received in equitable distribution of [Father's] personal injury award in the divorce settlement precluded the remaining money from being identified as income for support purposes under the "double dipping rule" when there was not a "bargained-for-exchange"?

(3) Whether the trial court erred in issuing its November 17, 2021 order dismissing [Mother's] exceptions to the Master's Report and Recommendation, the trial court erred by failing to determine that the support master committed an error of law in failing to include [Father's] $500,000.00 personal injury settlement as income for support purposes when the significant majority of [Father's] damages alleged in his civil complaint which was the basis of his $500,000.00 settlement occurred after the parties['] date of separation?

(4) Whether the trial court erred in issuing its November 17, 2021 order dismissing [Mother's] exceptions to the Master's Report and Recommendation, the trial court erred by failing to determine that the support master committed an error of law to conclude that [Mother's] execution of a property settlement agreement for $5,000.00 which ultimately resulted in a $500,000.00 personal injury settlement windfall for [Father] was a violation of Pennsylvania public policy which precludes a parent from being able to contract away a minor child's right to support?

Mother's Br. at 6-7.

We review support awards for an abuse of discretion. *Spahr v. Spahr*, 869 A.2d 548, 551 (Pa.Super. 2005). "A finding that the court abused its discretion requires proof of more than a mere error in judgment, but rather evidence that the law was misapplied or overridden, or that the judgment was manifestly unreasonable or based on bias, ill will, prejudice or partiality." *Id.* (quoting *Isralsky v. Isralsky*, 824 A.2d 1178, 1186 (Pa.Super. 2003)).

- 4 -

We will address Mother's first three issues together. In her first issue, Mother argues the court erred when it failed to include the $500,000 settlement award as income for support purposes. She points out that the definition of "income" includes "other entitlements to money or lump sum awards, without regard to source, including lottery winnings; income tax refunds, insurance compensation or settlements, awards or verdicts; and any form of payment due to and collectible by an individual regardless of source." Mother's Br. at 13 (citing 23 Pa.C.S.A. § 4302). She notes that the Rules of Civil Procedure similarly include insurance settlements and verdict and awards as income for support purposes. *Id.* (citing Pa.R.C.P. 1910.16-2(8)(iii)(IV)).

In her second issue, Mother argues that when the parties entered the marital settlement agreement the success and value of Father's personal injury claim was "speculative and unknown." *Id.* at 19. She claims the "parties negotiated an amount of $5,000.00 to represent Mother's interest in Father's personal injury claim considering that only two days of any potential personal injury award would be considered marital property subject to equitable distribution." *Id.* Mother concedes that under the case law, "in general, . . . a lump sum payment cannot be deemed both a marital asset for purposes of equitable distribution and income for purposes of establishing a parent child support obligation," but argues the cases finding such are distinguishable. *Id.* at 19-20. She claims that unlike the cases cited by the trial court, here, because the accident occurred two days before separation, she was limited to

negotiating two days of marital property for equitable distribution, and there was no bargained-for-exchange.

In the third issue, Mother argues that although the accident occurred two days prior to the separation date, the damages sought in Father's personal injury suit alleged permanent damages and therefore, she claims, the damages "occurred almost exclusively from the date of separation to the date of settlement resulting in Father's $500,000.00 windfall." *Id.* at 24. She claims the $5,000 settlement "may have been fair compensation for a two[-]day limitation on marital property subject to equitable distribution, but the balance of the $495,000.00 in damages was obviously awarded to Father as result of injuries set forth in his Complaint which are alleged to have been permanent in nature." *Id.*

Under the Domestic Relations Code, "income" includes "insurance compensation or settlements" and "awards or verdicts." 23 Pa.C.S.A. § 4302; *accord* Pa.R.C.P. 1910.16-2(a)(8) (income for support purposes includes other entitlement to money or lump sum awards including insurance compensation or settlements and awards and verdicts). Further, the Code provides that "marital property" includes "all property acquired by either party during the marriage," 23 Pa.C.S.A. § 3501(a), which includes "an award or settlement arising from a cause of action or claim that accrued during the marriage of the parties, before final separation[.]" *Focht v. Focht*, 32 A.3d 668, 670, 673(Pa. 2011).

Assets cannot be considered both marital property available for equitable distribution and income for support purposes. **Miller v. Miller**, 783 A.2d 832, 835 (Pa.Super. 2001).[2] In reaching the conclusion that property cannot be both an asset and income, we reasoned that during the equitable distribution process, the parties divided the assets to effectuate economic justice and it would be inequitable to then include the assets as income:

> The process of equitable distribution is an exercise in marshalling, valuing and dividing the marital pot in a fair manner. Not every piece of property can or should be split in half. Sometimes one spouse is entitled to more property than is the other. In some instances, the sale of property must occur so that each spouse can receive his or her rightful amount. In other instances, a spouse may be allocated a specific item of property and the other spouse will receive cash or a credit for his or her share in that same item.
>
> In all of these scenarios, whether the property division is done by agreement of the parties or by court order, the goal is the same: to take the assets of the marriage and divide them in such a way as to effectuate economic justice between the parties.
>
> It is both illogical and inequitable to characterize any of these assets, or the proceeds from their sale, or the credit given as a result of a sale, as income.

**Id.** at 835-36.

Here, the parties included the proceeds from the personal injury lawsuit as an asset during equitable distribution. The parties considered the asset, along with all other marital assets, and they reached an agreement as to

---

[2] The court concluded the "single caveat to this rule is that any gain realized in the sale of the asset may, indeed must, be included in the calculation of income." **Miller**, 783 A.2d at 835.

distribution whereby Mother would receive $5,000 at the conclusion of the lawsuit. The proceeds cannot thereafter also be included as income for support purposes. *See Miller*, 783 A.2d at 835. As the Hearing Officer found, "[Mother] chose to include, bargained for and receive her share of the personal injury settlement in equitable distribution, the settlement proceeds cannot also be included for support purposes." Report and Recommendation at ¶ 19. The court did not abuse its discretion in finding the settlement award could not be considered income.

The marital settlement agreement makes no reference to Mother's claim that the only portion of the award considered an asset for equitable distribution purposes was two days, that is, the two days between the accident and the separation. Rather, under the terms of the agreement, the $5,000 represented "the amount WIFE shall receive from [Father's] personal injury claim." Joint Stipulation of Fact, filed May 27, 2021, at Ex. C. Further, whether an award or settlement is marital property subject to equitable distribution depends on "when an injury has been inflicted, leading to the right to institute and pursue a suit for damages." *Focht*, 32 A.3d at 671. Therefore, if the right accrued during marriage, it is a marital asset; if it occurred before marriage or after separation, it is not an asset subject to equitable distribution. *Id.*; 23 Pa.C.S.A. § 3501(a)(8) (providing that marital property does not include "[a]ny payment received as a result of an award or settlement for any cause of action or claim which accrued prior to the marriage or after the date of final separation regardless of when the payment was received"). The Pennsylvania

Supreme Court noted Section 3501(a)(8) does not distinguish between the purpose of the award or settlement:

> Section 3501(a)(8) makes no distinction concerning the purpose of the award or settlement, but posits that it applies equally to all claims or causes of action for personal injury, lost wages, disability or other damage . . . . [I]t is irrelevant that the settlement or award is for disability payments, personal injuries, lost wages, or future earnings. We look only to the timing of the right to receive [the award or settlement].

*Focht*, 32 A.3d at 672 (quoting *Drake v. Drake*, 725 A.2d 717, 725-26 (Pa. 1999)) (some alterations in original) (emphasis omitted).

Accordingly, Mother's claim that the parties were negotiating only for two days' worth of the award or that the damages sought in the complaint, that is, damages for permanent injuries, impacted whether the award should be considered as income, is meritless. *See Focht*, 32 A.3d at 672.

Further, that the amount of the award was speculative at the time of settlement does not alter the outcome. The parties were aware of the risks of the lawsuit, that is, that Father could receive nothing, a significant amount, or something in between, and should have considered those risks when reaching the settlement.

In her final claim, Mother argues that Pennsylvania has a public policy that precludes a parent from being able to contract away a minor child's right to support. She therefore maintains she could not contract away the child's right to the personal injury settlement, and it should be included as income.

Parties to a marital settlement agreement cannot bargain away the rights of the children and if the agreement gives less child support than required or than that would provide for the child's best interest it is unenforceable:

> Parties to a divorce action may bargain between themselves and structure their agreement as best serves their interests[.] They have no power, however, to bargain away the rights of their children[.] Their right to bargain for themselves is their own business. They cannot in that process set a standard that will leave their children short. Their bargain may be eminently fair, give all that the children might require and be enforceable because it is fair. When it gives less than required or less than can be given to provide for the best interest of the children, it falls under the jurisdiction of the court's wide and necessary powers to provide for that best interest . . . . [The parties' bargain] is at best advisory to the court and swings on the tides of the necessity that the children be provided.

*Kraisinger v. Kraisinger*, 928 A.2d 333, 340-41 (Pa.Super. 2007) (quoting *Knorr v. Knorr,* 588 A.2d 503, 505 (Pa. 1991)) (some alterations in original).

This policy however does not impact the trial court's conclusion that the settlement award could not be used for income. Here, the parties engaged in negotiations and entered a marital settlement agreement, where they agreed to a distribution of all the assets. During those negotiations, the parties distributed proceeds from the Father's lawsuit. Those same proceeds cannot now be used for income purposes for support. *See Miller*, 783 A.2d at 835. Here, Mother did not bargain away a child's right to support. Rather, child continues to receive the support called for by the guidelines.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/9/2022</u>